### In re SMITH LONGBOTTOM & SONS.

(District Court, E. D. Pennsylvania. December 13, 1905.)

#### No. 2,192.

1. BANKRUPTCY—ORDER TO BANKRUPT TO SURRENDER PROPERTY—FACTS JUSTIFYING.

   The fact that bankrupts improperly paid out money after the filing of the petition in bankruptcy, or otherwise expended it in good faith, is not ground for an order requiring them to pay it over to the trustee, where it is no longer in their possession or under their control.

2. SAME.

   A bankrupt, who prior to the filing of the petition in bankruptcy had used in his business certain money in his hands as trustee, which he thereafter paid back to himself as trustee, must restore the same to his trustee to whom the title passed, where it is still subject to his control as receiver.

In Bankruptcy. On certificate from referee.

J. Wilson Bayard and John G. Johnson, for trustee.
V. Gilpin Robinson, for bankrupts.

J. B. McPHERSON, District Judge. I regret to find myself unable to agree in full with the conclusions of the learned referee. He does not find as a fact that—with an exception to be stated in a moment—the bankrupts have in their possession or under their control the sums of money which they are respectively ordered to pay over; and, as I view the evidence, the proof is clear that the money has been paid over to others in settlement of asserted claims. Such payments may have been preferential, but this fact is not sufficient to support an order on a bankrupt to pay over money which he has already parted with in good faith to one of his creditors. The money received by J. H. Longbottom, one of the bankrupts, was paid to him in settlement of a claim against his father, and a claim against the bankrupt firm, and, although it is true that this payment ought not to have been made while the firm creditors were unpaid, I see nothing to impeach the bona fides of the transaction, and nothing to attack his testimony that the money is no longer in his possession, but had been used for living expenses and other purposes. As I regard it, the case is ruled by

American Trust Co. v. Wallis, 11 Am. Bankr. Rep. 360, 126 Fed. 464, 61 C. C. A. 342, a recent decision by the Circuit Court of Appeals of this circuit.

The exception to which I referred is the money paid by Smith Longbottom to himself as trustee of the Robertshaw Manufacturing Company. The circumstances under which this payment was made were briefly these. In December preceding the bankruptcy, he was the trustee of the Robertshaw Manufacturing Company, and in that capacity had money in his possession belonging to that company. Some of this money he used improperly in the partnership business of Smith Longbottom & Sons, and in the following March, after the present petition in bankruptcy had been filed, he paid to himself, as trustee of the Robertshaw Manufacturing Company, $1,000, which were the proceeds of personal property belonging to the firm of Smith Longbottom & Sons. Undoubtedly, this payment was unauthorized. The title to the money passed to the trustee of Smith Longbottom & Sons from the moment when the voluntary petition was filed, and Smith Longbottom had no authority to divert the money to other purposes. As he has this money in his control, subject to his check, as trustee of the Robertshaw Manufacturing Company, it is clear that he must restore it to the fund from which it was wrongfully taken.

It is therefore ordered that Smith Longbottom, within five days from this date, pay to the trustee of Smith Longbottom & Sons the sum of $1,000. In other respects the orders made by the referee are set aside.