## In re BERMAN.

(District Court, E. D. Pennsylvania. December 3, 1908.)

### No. 2,431.

1. BANKRUPTCY (§ 136*)—SUMMARY PROCEEDING AGAINST BANKRUPT—ORDER TO SURRENDER PROPERTY.

Evidence *held* insufficient to warrant a summary order requiring a bankrupt to pay over money to his trustee under the rule that such an order should not be made unless the bankrupt's ability to comply therewith is plainly and affirmatively shown.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 399*)—RIGHTS OF BANKRUPT—EXEMPTIONS.

That a bankrupt squandered money in gambling and other wasteful practices does not establish fraud which will deprive him of the right to his exemption under the law of Pennsylvania.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 669; Dec. Dig. § 399.*]

In Bankruptcy. On certificate from referee.

Owen J. Roberts, for trustee.
Preston K. Erdman, for bankrupt.

J. B. McPHERSON, District Judge. It is certainly true that the bankrupt has failed to account satisfactorily for all the money and other property that came into his hands during the period from, say, September 1, 1905, to the date of his bankruptcy in January, 1906. How large the discrepancy is, cannot be ascertained with accuracy, owing in part to the loose methods of bookkeeping that prevailed in his business, and in part to the inadequacy of the testimony; but that an unexplained discrepancy to some extent exists is not denied. It is not necessary to make the effort to approximate it, however; for, in obedience to the decisions in Trust Co. v. Wallis, 11 Am. Bankr. Rep. 360, 126 Fed. 464, 61 C. C. A. 342, and Samel v. Dodd, 16 Am. Bankr. Rep. 163, 142 Fed. 68, 73 C. C. A. 254, I am constrained to deny the trustee's application for an order upon the bankrupt to pay over. No doubt these cases set up a high standard of proof, to which it is very difficult for creditors to conform when they seek to obtain an order directing a bankrupt to hand over money or property that he appears to have had shortly before his failure, but, as long as the rules announced by these appellate tribunals remain unmodified, it is my duty to apply them.

The attack upon the bankrupt's exemption is supported by the same considerations as enforce the motion for an order to pay over, and is evidently expected to meet the same fate.

The action of the referee in refusing both motions is therefore affirmed.