**FIRST NAT. BANK OF WACO et al. v. SHEEHY.***

**In re SOUTH BROS. TRUNK CO.**

Circuit Court of Appeals, Fifth Circuit. November 27, 1928.

No. 5331.

Allan D. Sanford and H. M. Richey, both of Waco, Tex., for appellants.

W. W. Naman, of Waco, Tex. (Spell, Naman & Penland, of Waco, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The District Judge affirmed orders of the referee in bankruptcy which required the appellant banks to pay certain bank deposits over to the trustee in bankruptcy. The banks take the position on this appeal that they had the right to credit the deposits on notes which they held against the bankrupt

On September 17, 1926, the South Bros. Trunk Company had a deposit of $15 in the First National Bank of Waco, Tex., and owed that bank $17,500 on notes. On the same date the trunk company had a deposit of $4,489.06 in the Citizens' National Bank of Waco, and owed that bank $10,000 on notes. At that time the trunk company was insolvent, and its stockholders turned its assets and the management of its affairs over to a committee, with authority to dispose of such assets as were necessary to pay its debts. The presidents of the two banks were stockholders of the trunk company, and they became chairman and treasurer, respectively, of this committee. The banks themselves and other principal creditors joined with the committee in sending out letters requesting the co-operation of the remaining creditors. The committee took charge of the trunk company's bank accounts, and transferred its bank deposits to the credit of the committee, in the name of the president of the Citizens' National Bank for the account of the trunk company. The deposits in the banks were thereafter made to the credit of the committee, and were increased by collections to such an extent that, when the petition in bankruptcy was filed against the trunk company the deposits amounted to $5,760.66 in the First National Bank, and to $5,396.22 in the Citizens' National Bank. In the meantime the notes held by the banks had not been reduced. When bankruptcy intervened, each of the banks credited the notes it held with the amount on deposit.

Section 68 of the Bankruptcy Act (11 USCA § 108) authorizes mutual debts or credits between the estate of the bankrupt and the creditors to be set off, and the balances to be allowed or paid. We are of opinion that the relation of debtor and creditor which ordinarily exists between banks and their depositors was so changed by the participation of the banks in the plan of the committee as to make the deposits a trust fund for the benefit, not only of the trunk company, but of all its creditors as well. Upon the creation of the committee the deposits no longer remained subject to check by the trunk company, but by agreement were turned over to the committee and placed to its credit. The banks waived their banker's liens on deposits to the credit of the trunk company, by agreeing to the transfer of those deposits to the credit of the committee. To allow the banks afterwards to take credit, as against the trunk company, on their notes, would be to uphold a violation of the agreement under which all deposits were held in trust. May v. Henderson, 268 U. S. 111, 116, 45 S. Ct. 456, 69 L. Ed. 870; Merrimack Nat. Bank v. Bailey (C. C. A.) 289 F. 468; Wagner v. Citizens' Bank, 122 Tenn. 164, 122 S. W. 245, 28 L. R. A. (N. S.) 484, 135 Am. St. Rep. 869, 19 Ann. Cas. 483.

The order appealed from is affirmed.