### In re PUTTERMAN et al.

District Court, S. D. New York.
June 26, 1930.

The order of Henry K. Davis, Referee, is as follows:

The motion is for the respondent bank to pay over to the trustee $992.17, which the trustee claims was received by the bank after its knowledge of the bankrupt's insolvency and applied by the respondent to the amount owing to it by the bankrupt.

The bankrupt was adjudicated in an involuntary proceeding September 12, 1929, the petition being filed August 13, 1929; and the trustee, Oscar Powers, duly qualified and is now acting as such.

The trustee claimed in his petition that at the time of bankruptcy there was on deposit with the respondent, hereinafter called the bank, money of the bankrupt in the sum of $992.17, and that such money was received by the bank "after the said bankrupts had discontinued business, to the knowledge of the said bank, and at times when the said bank knew that the bankrupts were hopelessly insolvent and were unable to pay any of the debts then outstanding aggregating many thousands of dollars."

The bank denied these allegations, and alleged that at the time of the filing of the petition bankrupts were indebted to the bank in the sum of $3,600 "on promissory notes which had all matured before that date."

At the hearing, the bank raised the question of jurisdiction, and the referee ruled under the authority of Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897, that the application could be heard to the extent of determining whether the answer raised a real question or whether it was only colorable.

At the close of this hearing, the referee reserved decision, with the understanding that, in case the referee decided he could hear the claim, opportunity would be given to the bank to put in testimony if it desired.

Thereafter the referee made a memorandum decision, hereto attached, that, after the hearing, he was not satisfied that the bank's claim was real nor on the other hand that it was colorable, and set the matter down for further hearing, which was thereafter had.

The trustee offered in evidence a bank statement showing deposits by bankrupt with bank between July 17 and September 19, 1929, of $1,092.17 and a withdrawal July 26th of $100, thus showing the claimed balance of $992.17 on deposit.

The facts here are not in dispute, aside from the conceded documentary evidence they are all taken from the testimony of Mr. Tansey, assistant cashier of the bank and his testimony on the adjourned hearing.

July 2, 1929, without notice to bankrupts bank closed their account. This was about forty-three days before the petition was filed.

The money then in the account and such moneys as thereafter came in before bankruptcy were put in a so-called collateral account; the same amounting to the sum above stated $992.17.

Asked why the account was closed, the witness stated: "We closed it because the notes were due and they couldn't pay them and we transferred it to the collateral account." A further reason for closing the account was that "one of the customers called us up and told us the place was being sold out." Further notice of bankrupt's shaky condition came home to the bank because "the balances were poor and the checks coming back."

It does not seem to me we need to go further. The testimony of Mr. Tansey at the adjourned hearing, February 4, 1930, does not change the conceded facts testified to under section 21a, Bankr. Act (11 USCA § 44 (a).

The facts accordingly being not in dispute, the referee has power to decide the question without remitting the trustee to a plenary suit. May v. Henderson, 268 U. S. 111, 115, 45 S. Ct. 456, 69 L. Ed. 870.

From these facts the conclusion follows that the deposits received by the bank after the closing of the bankrupt's regular account and the opening by it of the so-called collateral account were received for the purpose of applying the moneys so received to bankrupts' debt to the bank in the form of notes.

The bank knew when it did this that bankrupts were insolvent, and so had reason to believe that its act created a preference for itself. Elliott v. Am. Savings Bank & Trust Co. (C. C. A.) 18 F.(2d) 460, 462; Kolkman v. Manufacturers' Trust Co. (C. C. A.) 27 F.(2d) 659.

For these reasons the petition of the trustee must be granted. Please settle order on notice.

Tashof & Keilin, of New York City, for trustee.

Curtin & Glynn, of New York City, for respondent.

GRUBB, District Judge.

Ordered that the said order of the Honorable Henry K. Davis, referee in bankruptcy, dated May 31, 1930, be and the same hereby is, affirmed in all respects.