## In re RUSCOE.

## RYAN v. FREIGHT LINES, Inc.

### No. 320.

Circuit Court of Appeals, Second Circuit.
March 12, 1934.

Sydney C. Perell, of Stamford, Conn., for appellant.

Charles E. Moore and P. Lawrence Epifanio, both of Stamford, Conn., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The trustee in bankruptcy filed a petition for a summary order requiring the appellee to deliver to him certain property alleged to belong to the bankrupt's estate. The appellee, asserting an adverse claim, challenged the jurisdiction of the court to determine the controversy in a summary proceeding, but the referee found that the appellee's claim was merely colorably adverse, and granted the prayer of the trustee's petition. Upon review by the District Court, the referee's order was sustained as to part of the property in dispute and set aside as to the remainder. From so much of the order as denied him relief, the trustee obtained leave to appeal.

The property still in dispute consists of five motortruck chassis, hereafter referred to as trucks, and five truck bodies attached thereto. They were in the possession of the appellee, who claimed title under a conditional bill of sale from Mack Motor Truck Company, executed a few days subsequent to Ruscoe's adjudication as a bankrupt. The five trucks had previously been sold to Ruscoe under conditional sale contracts, and on July 28, 1932, the day preceding his voluntary petition in bankruptcy, the Mack Company had taken possession of the trucks and bodies for a claimed default under its conditional bill of sale to Ruscoe. For reasons which need not be here detailed, the referee held that the appellee was merely a corporate cloak for the bankrupt and its claim merely colorable. But there was no finding that Ruscoe's default under the bill of sale was fictitious or that the conditional vendor did not actually retake possession and thereby terminate Ruscoe's rights as conditional vendee. Consequently the District Court held that the appellee, who derived title under the Mack Company, had presented a substantial claim which could not be adjudicated summarily. See Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

Were we to dispose of the case upon the same theory, the District Court's ruling would seem clearly correct as to trucks upon which Ruscoe had defaulted in payment; but it might be necessary to differentiate as to trucks which he had paid for in full and as to the truck bodies. The bodies were not purchased from the Mack Company; they were bought by Ruscoe from others, and had been paid for. The Mack Company seized them under a provision of its conditional bill of sale which purported to authorize the vendor, upon default, to take possession of "equipment, attachments and accessories," as well as the trucks themselves. A stipulation which enables a conditional vendor not only to get back what he sold but also to forfeit a removable attachment added by the vendee seems of questionable validity (cf. Crompton v. Beach, 62 Conn. 25, 38, 25 A. 446, 18 L. R. A. 187, 36 Am. St. Rep. 323), and whether a claim based upon such a stipulation is more than colorable would seem at least a debatable question. Similar questions would arise with respect to trucks which, although paid for in full, were included in each new bill of sale. The referee found that some of the trucks which the Mack Company seized from Ruscoe had been paid for by him. But these questions are not before us for decision, because the order must be affirmed upon another ground.

It appears that, after the appellee had filed its petition for review by the District Court, the Mack Company repossessed the trucks and bodies which it had sold to the appellee. This fact was made known to the District Court by a written statement filed by the appellee's attorney. If one who holds property which he should turn over to a trustee in bankruptcy voluntarily puts it out of his power to deliver it, he may nevertheless be compelled to account for its worth. May v. Henderson, 268 U. S. 111, 119, 45 S. Ct. 456, 69 L. Ed. 870. But, where the property is taken from him in invitum, there would appear to be no basis for imposing liability. Since there is nothing to suggest that the appellee could be held liable to the trustee for the value of the trucks and bodies repossessed by the Mack Company, and since delivery of them by the appellee had become impossible, the referee's order directing their turnover was properly set aside regardless of other considerations.

We affirm the order appealed from on this ground.