## In re SCRANTON KNITTING MILLS, Inc.
### No. 8882.

District Court, M. D. Pennsylvania.
May 5, 1936.

Welles, Mumford, Stark & McGrath, of Scranton, Pa., for trustee.

J. Julius Levy and Ralph L. Levy, both of Scranton, Pa., for respondents.

David Rosenthal, of Wilkes-Barre, Pa., referee in bankruptcy.

WATSON, District Judge.

On petition of the trustee, the referee granted a rule on Jacob Levy, I. Gates Levy, and B. Levy & Son, to show cause why they should not pay over to the trustee the sum of $22,087.31. The respondents moved to dismiss the trustee's petition, which motion was denied by the referee. The order of the referee denying the motion to dismiss is now before the court on a petition for review.

■ This is a summary proceeding, and summary jurisdiction is not presumed. The facts showing the summary jurisdiction must be alleged affirmatively in the petition. Nowhere in the petition is it alleged that the $22,087.31, or any part thereof, was at time petition was filed in possession or control of the respondents. On the contrary, the allegations in the petition as to all except $1,960, made up of $250 alleged to have been paid to Jacob and I. Gates Levy, $400 alleged to have been paid to B. Levy & Son, $210 alleged to have been paid to Jacob Levy, $1,000 alleged to have been paid to B. Levy & Son, and $100 alleged to have been paid to B. Levy & Son, are that the money was paid to others than the respondents; and, as to said sum of $1,960, there is no allegation that that was in the possession or control of the respondents at the time the petition was filed.

As to the sum of $1,960, it may be that the necessary allegation might have been made, but it was not.

■■ A proceeding such as this is effective to lay hold of a specified fund under the dominion or control of the party ruled, but cannot go beyond that. In re Laplume Condensed Milk Company (D.C.) 145 F. 1013. The Bankruptcy Court can only order the delivery of property to the trustee which is in the possession or control of the person to whom the order is directed. American Trust Co. v. Wallis (C.C.A.) 126 F. 464, 467. "To warrant the order to turn over the money, it must appear not only that the money to be turned over is part of the bankrupt's estate, but that the money is in his possession or under his control at the time the order to turn it over is made." In re Redbord (Petition of Derby), 3 F.(2d) 793, 794 (C.C.A.Second Circuit).

In May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 459, 69 L.Ed. 870, the case upon which the trustee relies, the order to pay over to the trustee was directed to one who had the money in his possession or control, and, undoubtedly, such an allegation was set forth in the petition. The court, in the opinion, said: "The petition upon which this proceeding was initiated was in the usual form and prayed that the respondents be required to account for all moneys and properties coming into their hands as assignees or trustees under the assignment for the benefit of creditors. Such was their duty. Having assumed to take possession of the property of the bankrupt for its account, it was their legal duty to turn the property or its proceeds over to the trustee in bankruptcy or to account for their inability to do so by showing either a disposition of it in performance of a legal duty assumed toward the bankrupt or the bankrupt's trustee or by clothing themselves with the protection of a claim adverse to the bankrupt which was not merely colorable. As found by the court, respondents came into the possession of moneys of the bankrupt which were by them placed on deposit to their credit as trustees or assignees for the benefit of creditors. * * * The duty of a fiduciary to account for property intrusted to his care is fulfilled by delivery of the property, but, if he has put it out of his power to deliver it, he may nevertheless be compelled to account for its worth." In the case of May v. Henderson, the respondents held the moneys in trust for the creditors. In the instant case, the respondents did not hold the moneys as trustees for the creditors. The duties and accountability of directors and officers are primarily to the corporation and not to its creditors. Therefore, the instant case is not controlled by the case of May v. Henderson.

■ The basis for an order as prayed for in the trustee's petition was entirely lacking. If preferences were given, they should

not go unquestioned. The trustee has his proper remedy by plenary suits.

Here I can decide no more than that the bankruptcy court has no jurisdiction. The referee should have sustained respondents' motion to dismiss the petition without prejudice to a plenary suit or suits.

Now, May 5, 1936, the order of the referee denying respondents' motion to dismiss trustee's petition is reversed, and the petition is dismissed, without prejudice to a plenary suit or suits.