### In re INDEPENDENT BOOK CORPORATION.

District Court, S. D. New York.
April 22, 1940.

Henry Pearlman, of New York City, for petitioner.

I. Arnold Ross, of New York City, for trustee.

GODDARD, District Judge.

This is a petition to review an order of the Referee summarily directing Square Deal Printers, Inc., to turn over to the Trustee five printing presses and one heater now in its possession. Petitioner urges on this review that the Referee did not have jurisdiction to entertain the summary proceedings as the court did not have actual or constructive possession of the property and there was a substantial adverse claim. In addition it is asserted that the proceeding is defective as the adverse claimants were not made parties.

The uncontradicted facts are that the property to which the turnover order is directed was originally purchased by the Claremont Printing Company and in 1930 and 1931 was mortgaged to Sidney Cummins and Florence Bluestone. Max Cummins, father of Sidney Cummins and son-in-law of Florence Bluestone, was the principal stockholder and an officer of the Claremont Company. He was also president of the bankrupt and is now general manager of Square Deal Printers, Inc., the petitioner herein. His son is treasurer of the petitioner and its president is a former employee of the bankrupt. The petitioner was incorporated on October 28, 1938, after bankrupt had made an assignment for benefit of creditors and shortly before the petition in bankruptcy was filed.

In 1931 the Claremont Company got into financial difficulties and it is asserted that Florence Bluestone and Sidney Cummins repossessed the machinery. Allegedly Max Cummins acted as agent for this purpose and he has testified that on behalf of the then newly organized Independent Book Corporation he made an agreement to lease the machinery from Florence Bluestone and Sidney Cummins. Although he states that the rent which was agreed to be paid to each of them was $50 a month, over a period of eight years, only $50 in all was ever paid. During all this time the machinery was carried on the books of bankrupt as its own property, the depreciation being charged to the bankrupt

and the Federal Income Tax returns were filed on this basis. Within four months of the filing of the petition in bankruptcy and while admittedly the Independent Book Corporation was in serious financial straits, the machinery was transferred to the plant of the petitioner. Max Cummins says that he then made an arrangement with the petitioner whereby it was to pay to the bankrupt $50 a month for the use of the machinery. Nothing has been paid and Max Cummins states that he never consulted either Florence Bluestone or Sidney Cummins with respect to this arrangement as he, Max Cummins, said he had complete authority as their agent. The findings of the Referee are fully supported by the evidence.

 Square Deal Printers, Inc., appeared generally, acquiesced in the jurisdiction of the bankruptcy court and allowed it to determine the issues on the merits. That court had jurisdiction. Sheppard v. Lincoln, D.C., 184 F. 182. Moreover, the claim presented by the petitioner herein was merely colorable, so that the Referee was authorized to proceed in a summary manner. May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870. Here, petitioner itself does not present any adverse claim; it holds property merely as a lessee having received the machinery from the premises of bankrupt. Certainly, so far as this petitioner is concerned the property was in the constructive possession of this court. In re Goldman, D.C., 5 F.Supp. 973.

The order of the Referee is affirmed. Settle order on notice.