## In re LIVINGSTON.

### No. 11218.

United States District Court
N. D. California, N. D.

Jan. 10, 1950.

Floyd D. Darby, Healdsburg, Cal., for bankrupt.

James M. Conners, San Francisco, Cal., for trustee.

Mannon & Brazier, Ukiah, Cal., for Bank of Lake.

LEMMON, District Judge.

The bankrupt was in possession of a certain Dodge truck when he filed his petition in bankruptcy. The truck was then subject to a chattel mortgage, in which the Bankrupt was the mortgagor and the Bank of Lake, herein referred to as the Bank, the mortgagee, given to secure an indebtedness owing by the Bankrupt to the Bank. After the filing of the petition the Bank took possession of and sold the truck to a third party. Following the sale and when the Bank no longer had possession of the truck, the Trustee in Bankruptcy filed a petition reciting these facts and praying that the Bank be required to account for the difference between the indebtedness owing to it and the value of the truck. The Bank appeared and objected to the jurisdiction of the Court, asserting that since the truck was not in its possession or in the possession of either the Bankrupt or the Trustee, the Court could not make a summary order. The Court in a summary proceeding determined the reasonable value of the truck and ordered the Bank to pay to the Trustee the amount thereof above the Bank's lien. The Bank seeks review of that order.

I agree fully with the Referee that the Bank has acted in an arbitrary and illegal manner and that it should be required to reimburse the bankrupt's estate for all loss sustained by the estate through its action. The precise question here is whether the

remedy afforded by the order is appropriate in this summary proceeding.

Such proceedings are usually, but not always, in rem. Possession of the res, either actual or constructive, at the time the petition in bankruptcy is filed, vests the Bankruptcy Court with jurisdiction to determine title in and to the res. Thompson v. Magnolio Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. It is rare that a judgment in personam exists in such a proceeding. In re Flato, D.C., 68 F.Supp. 632. The turn-over order "is one primarily to get at property rather than to get at a debtor." Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 405, 92 L.Ed. 476. The Bank stresses these rules and argues that the right to trial according to the principles of the common law or afforded by statute in a plenary action should be preserved and not be taken away unless the order is one strictly within the range of a turn-over proceeding. The stand asserted is that jurisdiction in a summary proceeding is dependent upon possession or control of the res in the party proceeded against at the time the proceeding is commenced.

The Bank is in the anomalous position of conceding, as it must, in one breath that possession by the Bankrupt at the time of filing the petition in bankruptcy vested jurisdiction in the Bankruptcy Court to determine summarily all questions as to rights to possession and title thereto or interest therein, and in the next breath claiming that the jurisdiction was lost through its own illegal act done in contempt of the powers of the court. The absurdity of such a result should be avoided.

The truck was in custodia legis at and after the petition in bankruptcy was filed. Possession in the Bankrupt gave it that status. The Bankruptcy Court from that point had exclusive jurisdiction to determine summarily any and all controversies relating to that property. That jurisdiction may not be taken away by one claiming an interest therein adverse to the trustee or the general creditors. He may not by seizing and disposing of the property deprive the Bankruptcy Court of jurisdiction and confer jurisdiction upon some other court. A contrary holding would encourage contumacious action and seriously weaken the dignity and the integrity of the court. "Any other rule would leave the bankruptcy court powerless to deal in an effective way with those holding property for the bankrupt who, pending the bankruptcy proceedings, willfully dispose of it by placing it beyond the reach of the court." May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 459, 69 L.Ed. 870.

There is a paucity of cases upon the question. However, Chief Justice Stone has marked the course. The May case, supra, was a case in which the Referee had in a summary proceeding ordered the former assignees of the bankrupt to turn over to the trustee certain property which they had diverted. He stated further: "The several amounts debited to the account * * * *subsequent* to the filing of the petition, fall clearly within the rule that as to property in the hands of the bankrupt * * * 'the filing of the petition is a caveat to all the world and in effect an attachment and injunction.' * * * In consequence, any person acquiring an interest in property * * * after the filing of a petition with notice of it, may be directed to surrender the property thus acquired by summary order of the bankruptcy court. * * * Nor is it any answer to such a proceeding that the diverted assets are no longer under the control of the assignees. * * * The duty of the fiduciary to account for property intrusted to his care is fulfilled by delivery of the property, but, if he has put it out of his power to deliver it, he may nevertheless be compelled to *account for its worth.* * * * He is subject to the summary order of the bankruptcy court to restore the property to the bankrupt's estate. If he has sold it or mingled it with his own, he may be compelled by summary order to restore the value of the property thus wrongfully diverted." (Emphasis supplied.) See also Burnham v. Todd, 5 Cir., 139 F.2d 338; Governor Clinton Co. v. Knott, 2 Cir., 120 F.2d 149; and Bank of California Nat. Ass'n v. McBride, 9 Cir., 132 F.2d 769, 772.

In the McBride case the Circuit Court of Appeals for the Ninth Circuit stated, "Since summary jurisdiction existed to compel delivery of the property, wrongfully withheld, it would appear that all questions incidental to the primary one of possession ought to be determined in the single proceeding, not split up into a series of suits. In this way ancillary relief to which the estate is entitled may be had without further vexatious and expensive litigation. We know of nothing in the Act to prevent that. The situation is analogous to the award of interest on a fund summarily directed to be turned over to the bankruptcy court. Appellant does not contend that it is insolvent or in other respects unable to pay the amount awarded."

The case of In re 671 Prospect Avenue Holding Corporation, 118 F.2d 453, in the Second Circuit, points the other way. Though the theme of that decision supports the Bank's contention, it should be noted that the mortgagee there had instituted foreclosure in the state court pursuant to leave obtained from the Bankruptcy Court. Another case cited by the Bank, In re Joslyn's Estate, 7 Cir., 168 F.2d 803, is of no assistance to it since the court there states that at the time the bankruptcy proceeding was reopened the bankrupt did not have possession of the property sought to be reclaimed.

The language used in Maggio v. Zeitz, supra, upon which the Bank leans heavily, must be considered in the light of the facts in that case. There the goods had been disposed of prior to bankruptcy and the court had before it a contempt proceeding. A turn-over order had been followed by the contempt proceeding based upon non-compliance with the order. At the contempt hearing the bankrupt-respondent was not permitted to show his inability to comply. The Supreme Court, after stating that the order was res adjudicata as to the bankrupt's ability to deliver at the time of the order, held that this did not preclude him from showing at the contempt proceeding that he was unable then to perform by reason of the fact that the goods were no longer in his possession or under his control. No reference was made to the clear language in the May case laying down the broad and effective jurisdiction in summary proceedings. If the Supreme Court had intended to disturb the holding in the May case, and place such a radical limit upon summary jurisdiction as contended for here, it would be expected to have referred to that case. The rule in the Maggio case is quite appropriate when viewed in the light of the facts there considered. As applied in that case it effected a just and proper result, for otherwise the bankrupt-respondent would have been imprisoned for failure to do something which was impossible for him to do. If applied generally, and particularly here, to a totally different situation, it would seriously restrict the effectiveness of turn-over orders in the recovery and marshaling of assets of a bankrupt. Mr. Justice Jackson in the prevailing opinion recognizes the danger in giving slavish and unreasoned adherence to general statements when he wrote, "We are well aware that these generalities do little to solve concrete issues. The latter can be resolved only by the sound sense and good judgment of trial courts, mindful that the order should issue only as a responsible and final adjudication of possession and ability to deliver, not as a questionable experiment in coercion which will recoil * * *." [333 U.S. 56, 68 Sup.Ct. 407.] Torn from its moorings a legal principle sometimes takes on characteristics of a judicial derelict.

█ Inability to comply with the order if granted may always be shown. There is no question here of inability of the Bank to account. See May case, supra.

█ The evidence to sustain a turn-over order must be clear and convincing. Maggio v. Zeitz, supra. The only evidence before the Referee as to value was given by the Bankrupt. He was asked the leading question, " * * * do you believe the truck is worth $1600 or $1700" and he replied, "Sure, with the blower attached." Although one of the counsel made the statement, (not under oath), that the sale by the Bank included the blower, the evidence is uncertain as to whether the blower was in possession of the Bankrupt or was taken by the Bank, or whether it was covered by

the mortgage. The order should be and is set aside and the Referee is directed to take evidence and determine these facts and the reasonable value of the truck or property taken. Notice to the Bank of the hearing and an opportunity to it to be heard and to present evidence will be given.