**Constantin TIVON, Appellant,**

v.

**John M. ENGLAND, Appellee.**

**No. 72–1340.**

. United States Court of Appeals,
Ninth Circuit.

Sept. 4, 1973.

C. Martin Gibson (argued), C. Ingrid Larson, Ellis Filene, San Francisco, Cal., for appellant.

David R. Kluge (argued), James M. Conners, Vernon D. Stokes, San Francisco, Cal., for appellee.

Before KOELSCH, TUTTLE * and KILKENNY, Circuit Judges.

TUTTLE, Circuit Judge:

I. This is a petition for review of the district court's reversal of a decision by the referee in bankruptcy denying the trustee's petition for an accounting and turnover order. The basic question for review is whether certain disbursements by appellant, after the filing of an involuntary petition in bankruptcy but before adjudication, were invalid under Section 70d of the Bankruptcy Act; and if so, whether appellant is liable to the trustee for such disbursements.

On January 9, 1969, various creditors of the bankrupt filed a petition against Carlos Angeli, d/b/a The Franciscan, seeking an involuntary adjudication in bankruptcy. On June 10, 1969, an order of adjudication was entered and on July 11, 1969, notice of the first meeting was mailed to all interested parties.

On August 27, 1968, however, (six months before bankruptcy) the bankrupt had given appellant exclusive authorization to sell The Franciscan. On January 29, 1969, the appellant received a letter which gave him actual notice of the pending bankruptcy proceedings. An offer to purchase the business, however, was apparently made on January 2, and the bankrupt accepted the offer on January 10, 1969, at which time he signed escrow instructions pursuant to the California Business and Professions Code § 24074 and executed a bill of sale. The terms of the sale were $7,500 in cash and $7,500 represented by a promissory note. The cash and note were delivered on January 10, 1969, to appellant, who was named as the escrow agent, and a notice of bulk transfer was recorded and published on January 17, 1969. The

* Of the Fifth Circuit, sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

date to close the escrow was set for February 17, 1969.

At the time of this transaction the bankrupt still owed $10,000 to Albert P. Casali from whom he had purchased the business. This obligation was secured by a security agreement covering all the assets of the business except the liquor license. Mr. Casali agreed to take the $7,500 promissory note of the purchasers from the bankrupt in satisfaction of this obligation and appellant delivered the note to him.[1]

In addition appellant made several payments to various state and federal agencies from the escrow funds, and paid himself a $1,500 commission, all on or before April 30, 1969. On June 17, 1969, he distributed $1,314.34 to the Board of Trade of San Francisco, representing a 50% dividend to the creditors represented by that organization, and distributed another $903.54 to certain other creditors, which payments amounted to 30% distribution on such claims.

II. In denying trustee's petition for an accounting and turnover, the referee pointed to what he characterized as two insurmountable legal difficulties. First, appellant received $7,500 in cash and a promissory note for $7,500. Since appellant did not have possession of that note when the trustee filed for a turnover proceeding, the referee found that he could not order appellant to turn over either the note or its cash equivalent. Second, without making the creditors, who had filed claims with appellant and to whom the appellant had transferred escrow funds, parties to the bankruptcy proceeding, the referee could not order appellant, as a mere stakeholder, to deliver the money to the trustee. Relying on In the Matter of The Palmer House, No. 109407 (N.D.Calif. Jan. 30, 1969), the referee denied the turnover order.

The district court reversed the decision of the referee on both points. The district court relied on an exception to the general rule that an individual proceeded against in a turnover proceeding must have possession of the property sought. Such an individual, if he is a fiduciary such as an *escrow agent,* may be held accountable in a turnover proceeding for funds disbursed contrary to the bankruptcy law. May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870 (1925); Rabinovitz v. Oughton, 92 F.2d 297 (3rd Cir., 1937); Reifsynder v. Levy & Son, 89 F.2d 287 (3rd Cir. 1937); 2 Collier On Bankruptcy ¶ 23.10, at 566–67 n. 24 (14th ed. 1971). On the second point, the district court held that since disbursement to the claimants of the escrow fund had already been made at the time of the turnover petition, they were no longer "real parties in interest" in the bankruptcy proceedings. Therefore, their absence was not fatal to the trustee's right to litigate the question of the appellant's allegedly wrongful disbursements to them. We affirm.

III. Some amplification on the district court's order, however, is deemed necessary. The appropriate inquiry by the referee on remand should be whether the payments from the escrow fund fall within Section 70d(2) of the Bankruptcy Act.[2]

> "(2) A person indebted to the bankrupt or holding property of the bankrupt may, if acting in good faith, pay such indebtedness or deliver such property, or any part thereof, to the bankrupt or upon his order, with the same effect as if the bankruptcy were not pending."

On remand, Section 70d(5) makes it clear that the appellant has the burden

---

1. The district court expressly made no finding concerning the date of the transfer of the promissory note, the value of the security for the debt, or the consequence of any overpayment under California law.

2. Section 70d(2) of the Bankruptcy Act, 11 U.S.C.A. § 110(d)(2) provides:

> "(d) After bankruptcy and either before adjudication or before a receiver takes possession of the property of the bankrupt, whichever first occurs—
>
> .    .    .    .    .

of proof to demonstrate the validity of the transfers under Section 70d(2).[3] The record clearly indicates that all of the disbursements from the escrow fund, except the promissory note, occurred after January 29, 1972, the date the appellant had actual notice of the pending bankruptcy. The date of the transfer of the promissory note has not been determined. Concerning all transfers which occurred after January 29, the appellant is barred from asserting a defense under Section 70d(3) of "reasonable cause to believe the petition in bankruptcy is not well founded."[4] That issue has been specifically raised below on an appeal, and the district court correctly found that no such reasonable cause existed.

Affirmed.

3. Section 70d(5) of the Bankruptcy Act, 11 U.S.C.A. § 110(d)(5), provides:

"(5) A person asserting the validity of a transfer under this subdivision shall have the burden of proof. Except as otherwise provided in this subdivision and in subdivision g of section 44 of this Act, no transfer by or in behalf of the bankrupt after the date of bankruptcy shall be valid against the trustee: Provided, however, That nothing in this Act shall impair the negotiable instruments."

4. Section 70d(3) of the Bankruptcy Act, 11 U.S.C.A. § 110(d)(3), provides

"(3) A person having actual knowledge of such pending bankruptcy shall be deemed not to act in good faith unless he has reasonable cause to believe that the petition in bankruptcy is not well founded."