PER CURIAM.
 

 The trustee in bankruptcy appeals the decision of the district court, the Honorable Howard F. Sachs presiding, overruling the bankruptcy court’s exercise of summary jurisdiction. We affirm the district court.
 

 In the course of the bankruptcy proceedings of Citizen’s Loan & Savings Company, the bankruptcy court issued a show cause order to Richard W. Snooks as to why he should not be required to turn over sums paid to him, before his retirement, by the bankrupt as “consulting” fees. After a hearing during which Snooks and a former officer of the bankrupt testified, the bankruptcy court held that Snooks had not presented a substantial claim of right to the fees paid him during 1975, 1976 and 1977. The bankruptcy court concluded it had summary jurisdiction over those funds and ordered them paid over to the trustee.
 
 [1]
 
 The district court, although questioning the validity of the transaction, held that the evidence showed Snooks made out a substantial claim of right to the consulting fees and found the exercise of summary jurisdiction by the bankruptcy court to be erroneous.
 

 The bankruptcy court has summary jurisdiction over property of the bankrupt which is held by third persons if their claim to the property is “merely colorable.” 2 Collier on Bankruptcy ¶ 23.05[1], at 471-72 (14th ed. 1976). If the party in possession asserts a bona fide, adverse claim to the property, a plenary suit must be had. An “adverse claim” is a claim that is “substantial and real.” 2 Collier on Bankruptcy ¶ 23.07[2], at 526-27 (14th ed. 1976).
 

 Evidence presented at the hearing before the bankruptcy judge showed that Richard W. Snooks was president and major stockholder of the bankrupt until 1970 at which time he transferred his interest to his son who became president of the corporation. Snooks testified the funds, subject to the turnover order, were paid to him pursuant to an oral agreement he had with his son. The agreement provided the corporation would retain appellee as a consultant for an annual fee of $18,000. Documentary evidence introduced showed that the bankrupt’s board of directors, of which Snooks and his son were voting members, annually ratified this oral contract. Appellee’s undisputed testimony also showed that during 1975,1976 and 1977, the years during which the fees subject to the turnover order were paid, he worked 64, 48 and 30 hours per month, respectively, as a consultant to the corporation.
 

 Upon reviewing the evidence, we hold the district court properly concluded that appellee showed he had a substantial claim of right to the fees paid to him by the bankrupt during 1975, 1976 and 1977, and the bankruptcy court did not have summary jurisdiction over the fees. We express no opinion as to the ultimate validity of the transaction; this question will be addressed in the plenary suit. Accordingly, we affirm the decision of the district court.
 

 Judgment affirmed.
 

 [1]
 

 . The bankruptcy court also concluded the general rule, that a party cannot be required to turn over funds of the bankrupt over which he no longer has control, is not applicable when the party is a fiduciary of the bankrupt.
 
 See May v. Henderson,
 
 268 U.S. 111, 119, 45 S.Ct. 456, 460, 69 L.Ed. 870 (1925). The district court questioned whether Snooks was indeed a fiduciary and whether the cases requiring fiduciaries to “account” for funds no longer in their possession should be expanded to require them to “turn-over” such funds. Because we hold that the bankruptcy court did not have summary jurisdiction over the consulting fees, we do not reach this issue.