**In The Matter of FRIGITEMP CORP., Debtor,**

**Lawson F. BERNSTEIN, Trustee in Bankruptcy of Frigitemp Corp., Plaintiff,**

v.

**DIETZ INTERNATIONAL, Public Adjusters of N. Y. C., Inc., and Alfred Rosenstein, P. C.**

**Bankruptcy No. 78 B 468.
Adv. No. 81 5587–A.**

United States Bankruptcy Court, S. D. New York.

July 19, 1982.

---

8. Ind.Code Ann. § 22–2–6–1 (Burns 1974).

Gelberg & Abrams, New York City, for trustee; Marc S. Kirschner, A. Scott Mandelup, New York City, of counsel.

Ballon, Stoll & Itzler, New York City, for claimants-defendants; Ronald S. Itzler, Julie A. Jackson, New York City, of counsel.

## MEMORANDUM OPINION

JOEL LEWITTES, Bankruptcy Judge.

The question posed for resolution here implicates the often knotty issue of "summary jurisdiction" of the bankruptcy courts as constituted under the Bankruptcy Act of 1898, as amended ("Bankruptcy Act").[1]

### I

### *Summary Jurisdiction*

Sections 2 and 23 of the Bankruptcy Act[2] generally limit the summary jurisdiction of the bankruptcy courts to "matters relating to the administration of the bankrupts' estate, property in the court's constructive or actual possession, and other bankruptcy issues to which the parties expressly or impliedly consent."[3]

In particular, in the absence of consent thereto, summary jurisdiction to adjudicate controversies depends upon whether the bankrupt had actual or constructive possession of the debt claimed at the time of the filing of the petition in

---

1. On March 20, 1978 Frigitemp Corp. ("Frigitemp") filed its petition under Chapter XI of the Bankruptcy Act. Pursuant to an order of this Court, dated March 29, 1979, Frigitemp was adjudicated a bankrupt and Lawson F. Bernstein was appointed the trustee in Bankruptcy of Frigitemp. Accordingly the provisions of the Bankruptcy Act are applicable here. See Bankruptcy Reform Act of 1978 ("Bankruptcy Code"), section 403(a).

2. 11 U.S.C. §§ 11 and 46 (repealed).

3. *Gluck v. Seaboard Surety Company (In re Eastern Freight Ways, Inc.)*, 577 F.2d 175, 182 (2d Cir. 1978). (citations omitted).

bankruptcy.[4] Where a claim to property held adversely by a claimant is presented, however, the bankruptcy court is without jurisdiction to determine the controversy.[5] Of course, a mere assertion by a third party of an adverse claim is insufficient to defeat summary jurisdiction;[6] the claim, must be more than colorable—it must be "real and substantial."[7]

With these general principles in mind, we now turn to the claimants' objection to this Court's summary jurisdiction.[8]

## II

### Underlying Facts

The underlying facts, which are substantially undisputed reveal that on or about May 16, 1977, ten months prior to Frigitemp's Chapter XI filing in this Court, a burglary took place at Frigitemp's New York warehouse. The resulting loss was insured under policies held by Frigitemp with two insurers: Excess Insurance Company, Ltd. ("Excess") and California Union Insurance Company ("California Union").

On the day following the burglary loss, Frigitemp executed a printed form retainer agreement with claimant Dietz International, Public Adjusters of New York City ("Dietz"). The retainer agreement, in pertinent part, provided that Frigitemp retained Dietz "to advise and assist in the preparation, presentation and adjustment of the claim for the loss or damage by burglary [at the New York warehouse] and further allowed for a fee to Dietz of 15%, plus expenses, of the "amount of the loss . . . when adjusted, or otherwise recovered from the insurance companies," and "assign[ed] and authorize[d] direct payment to it to the extent of its fee."

As noted earlier,[9] Frigitemp filed a Chapter XI petition in this Court on March 20, 1978 and was adjudicated a bankrupt on May 29, 1979.

On March 19, 1980, Lawson F. Bernstein, the bankruptcy trustee of Frigitemp, commenced an action in the United States District Court for this District against Excess and California Union to recover damages arising from the refusal of those insurers, under their respective insurance contracts, to compensate Frigitemp or the trustee for burglary losses sustained by Frigitemp.

On July 10, 1981, the trustee entered into a stipulation of settlement with Excess which was approved by this Court on July 23, 1981. Thereafter, on September 3, 1981 the trustee concluded a settlement with California Union which was approved by this Court in an order dated September 15, 1981.

After Excess paid the major portion of the amount owed by it to the trustee under its settlement agreement, the latter was advised by Excess that Dietz claimed a lien on the proceeds of the settlement based upon its retainer agreement. As a result of Dietz's communication to Excess, both insurers declined to make any further payment to the trustee.

On September 10, 1981, the trustee commenced an adversary proceeding[10] in this Court seeking an injunction against Dietz and Alfred Rosenstein, P. C. ("Rosenstein") from (a) enforcing any lien allegedly held by them against Frigitemp and (b) interfering in any way with payments due Frigitemp under the settlement agreements. Additionally, the trustee seeks a declaratory judgment that Dietz holds no valid lien or claim against Frigitemp.

---

4. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 481, 60 S.Ct. 628, 629, 84 L.Ed. 876 (1940).

5. *Harrison v. Chamberlin*, 271 U.S. 191, 193, 46 S.Ct. 467, 468, 70 L.Ed. 897 (1926).

6. *May v. Henderson*, 268 U.S. 111, 115–116, 45 S.Ct. 456, 458–59, 69 L.Ed. 870 (1925).

7. Note 5 *supra* at 194.

8. An objectant to the summary jurisdiction of this Court may raise such objection either by answer as here, to the trustee's complaint, or by a motion to dismiss. *See* Bankruptcy Act § 2a(7), 11 U.S.C. § 11(a)(7) (repealed).

9. *See supra* note 1.

10. *See* Bankruptcy Rule 701, 411 U.S. 1068, 93 S.Ct. 3147, 37 L.Ed.2d lxvi.

Both Dietz and Rosenstein answered the trustee's complaint and, as an affirmative defense thereto, have objected to the summary jurisdiction of this Court.

Upon our preliminary inquiry,[11] and on the essentially undisputed facts just recited, we find that summary jurisdiction may be properly exercised here.

## III

### Discussion

 At the time of the filing of the Chapter XI petition Frigitemp clearly possessed, constructively, a claim against the insurance carriers.

As noted by the recognized treatise on the law of bankruptcy:

"Where the intangible consists of a chose in action, such as a debt owed the bankrupt or a contract, claim, such intangible may be said to be in the constructive possession of the bankruptcy court so as to enable the court summarily to determine the rights of various claimants to the chose in action, if the bankrupt remained [as here] the legal owner up to the time of the filing of the petition. But where there has been an *outright and complete assignment of the chose* in action to a third party prior to bankruptcy, as distinguished from a mere encumbrance of it, . . . a plenary suit is the proper remedy."[12]

Thus in *Matter of Land Investors*[13] the court, in a case strikingly similar to the one at bar, upheld the bankruptcy court's jurisdiction where the claimants' liens and assignments upon the proceeds of a bankrupt's lawsuit were found to be "intrinsically conditional."[14] Based upon our preliminary inquiry, we find that Dietz's alleged assignment to the insurance proceeds due Frigitemp is not outright or unconditional and accordingly amounts to merely an encumbrance upon Frigitemp's title to which the trustee succeeded by operation of law.[15]

Accordingly, it is clear that at the time of Frigitemp's filing of its Chapter XI petition, the claimants had neither possession of, nor a claim to, the now bankrupt's property. We accordingly find that their claim here is colorable and totally insufficient to oust this Court of summary jurisdiction.

### Conclusion

Claimants' objection to summary jurisdiction is denied. Settle an order of three days notice in conformity with this decision. The parties are directed to communicate with these Chambers within five (5) days after an order is signed denying claimants' objection to jurisdiction to schedule a pretrial conference on the adversary proceeding commenced by the trustee.

---

**11.** Note 5 *supra* at 194.

**12.** 2 Collier on Bankruptcy ¶ 23.05 at 489–490 (14th ed. 1976) (footnotes omitted) (emphasis supplied). *See also Bitker v. Whyte, Huschboeck, Minahan, Harding & Harland (Matter of Land Investors, Inc.,* 544 F.2d 925, 930 7th Cir. 1976). (*"Matter of Land Investors"*).

**13.** Note 12, *supra.*

**14.** Note 12, *supra* at 931.

**15.** Bankruptcy Act § 70a, 11 U.S.C. § 110(a) (repealed).