SAMUEL W. MILBANK, Receiver, etc., of ALEXANDER BARNEY & CHAPIN, Plaintiff, *v.* JOHN W. WELCH and LUKE A. BURKE, as Trustees for P. H. ALEXANDER and Others, Defendants.

*Invalid assignments or transfers by corporations — section 48 of chap. 688 of 1892, the Stock Corporation Law — distinction between transfers to officers or stockholders and those to other persons.*

The directors of a stock corporation loaned it money, and the corporation executed its notes therefor and also an agreement assigning certain accounts to trustees, as security for the notes, and providing that other accounts might be substituted at any time when the corporation should not be in default on the notes, and that from time to time or at the maturity of the notes the trustees should apply the moneys in their hands to their payment; the trustees did not so apply the moneys in their hands on the notes at maturity, but turned the same over to the corporation, and the notes remained past due and unpaid. Thereafter, and at a time when the corporation had refused to pay certain of its matured obligations, the corporation made a new assignment of accounts to the trustees to take the place of those which had been collected by them.

*Held,* that such latter assignment was invalid as to such beneficiaries as were then officers, directors or stockholders of the corporation, under the provisions of section 48 of the Stock Corporation Law (Laws of 1892, chap. 688), providing that "no corporation which shall have refused to pay any of its notes or other obligations when due * * * shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt."

That if, however, certain of the persons, for whose benefit such an assignment of accounts was made, after the corporation had refused to pay its notes or other obligations when due, had ceased to be officers, directors or stockholders of the corporation before the assignment, the same was not invalid as to them unless shown to come within the further provision of said, section 48, that "no conveyance, assignment or transfer of any property of any such corporation * * * when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid."

*Quære,* whether, if the agreement had provided for the transfer of accounts at any time until the notes were paid, the transfers could not have been legally made after a refusal to pay a matured indebtedness, coming due after the execution of the agreement.

The invalidity of a transfer of property by a corporation to a person who is not an officer, director or stockholder of the corporation is not made out by merely showing a transfer of property to a creditor in payment of a just debt, after the corporation has failed to meet at maturity one or more of its obligations,

but the proof must go further and show facts from which the inference must be drawn that the officers of the corporation making the transfer of the property did so with the intent of giving the creditor a preference at a time when the corporation was insolvent or its insolvency was imminent.

SUBMISSION of a controversy on an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Geo. Putnam Smith,* for the plaintiff.

*Otterbourg, Jenks & Springs,* for the defendants.

PARKER, J. :

Plaintiff, as receiver of the property of Alexander Barney & Chapin, a corporation organized under the laws of the State of New York, demands judgment that an assignment of accounts made by it September 1, 1893, be adjudged invalid, because in violation of section 48 of chapter 688 of the Laws of 1892, which reads as follows :

" No corporation which shall have refused to pay any of its notes or other obligations when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it, or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it, or by any officer, director or stockholder, when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid."

On the 16th day of July, 1891, the corporation being in need of funds, five of its stockholders and directors, P. H. Alexander, C. E. Chapin, A. A. Patton, John W. Welch and Luke A. Burke, entered into an agreement to loan it the sum of $10,000 in cash, each of said directors furnishing $2,000 of the money loaned.

An agreement in writing was executed by the corporation, reciting its intention to borrow the money; to give therefor its promissory notes payable on the 16th day of July, 1892, with interest payable semi-annually; to secure the payment of the notes by an

assignment and transfer to Welch and Burke as trustees, of certain accounts, amounting in the aggregate to not less than $15,000 ; and providing that the trustees should have the right to receive any and all moneys paid or collected upon said accounts at any time, and to hold the moneys as part security for the notes, or apply the same from time to time in payment thereof; " it being agreed, however, that the company may from time to time, there being no default on the notes or any of them, substitute other accounts in the place of any accounts so transferred and assigned." On the same day, and after the execution of the agreement, the directors loaned to the corporation the sum of $10,000 in cash, and received its notes executed in conformity with the agreement. At the same time the corporation assigned to Burke and Welch, the trustees named in the agreement, accounts amounting to $15,000, in accordance with the stipulation contained in the contract. The trustees never applied any of the moneys received from the accounts in payment of the notes, but instead it was turned over to the corporation, which from time to time made new assignments of accounts to take the place of those which had been collected and applied to the use of the corporation. The last assignment was made September 1, 1893, at which time the corporation had refused to pay certain of its matured obligations.

The notes to the directors became due July 15, 1892, more than a year prior to the last assignment of accounts of which plaintiff complains, at which time, according to the express provisions of the agreement, it was the duty of the trustees to apply the moneys in their hands to the payment *pro rata* of said notes.

This, as we have observed, they did not do, but instead turned over the moneys to the corporation and took new assignments of accounts in place thereof. For this there was no authority in the agreement, which only provided for the substitution of other accounts, while the corporation was not in default on the notes. The situation in which the parties found themselves on the 1st day of September, 1893, was that the defendants were the holders of past due notes, which the trustees, by virtue of the agreement and transfer of accounts, had had an opportunity to secure the payment of, but had not availed themselves of it. So a further transfer of accounts was made, and thus they attempted to bring about that

which seemed to them equitable and just, because merely a transfer of accounts to take the place of those which had been collected and applied to the use of the corporation, but which was, nevertheless, in violation of that provision of the statute which forbids a transfer of any of the corporate property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, when at the time of doing it the corporation shall have refused to pay any of its matured obligations.

A very different question would be presented if the agreement, instead of limiting the period within which substitution of accounts could be made to the time when the corporation should not be in default on the notes, and providing that at maturity the trustees should at once apply the money in their hands towards their payment, had provided that such substitution should continue from time to time until the notes were actually paid.

Were such the case the question would be presented whether a transfer of the property of a corporation to one of its directors or stockholders, after its refusal to pay any of its notes or other obligations when due, if done in pursuance of a previous agreement, is in violation of the statute.

But, as we have already observed, at the date of the transfer made, there was no agreement under which the parties could enforce further transfer of accounts. The one made was, therefore, voluntary, and in so far as it was made for the benefit of directors and stockholders of the corporation it was in violation of the statute.

Three of the directors, Alexander, Patton and Chapin, prior to the maturity of the notes, and on February 16, 1892, ceased to be either directors or stockholders in such corporation. The provision of the statute last above referred to does not, therefore, apply to them. The statute distinguishes between a transfer to an officer or stockholder and one to a person holding neither of such positions. To a stockholder or director a transfer of corporate property is forbidden, if the corporation shall have refused to pay any of its notes or obligations when due, but to other creditors a transfer of corporate property in payment of its debts is only prohibited, "when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation."

In the latter case the plaintiff does not sustain the burden of proof resting upon him by merely showing a transfer of property to a creditor in payment of a just debt after the corporation has failed to meet at maturity one or more of its obligations.   It is necessary for him to go farther and show facts from which the inference is required that the officers of the corporation making the transfer of the property did so with the intent of giving the creditor a preference at a time when the corporation was insolvent or its insolvency imminent.

It is obvious from the agreement, and the conduct of the parties under it, that the transfer of accounts was the natural result of a legitimate effort to secure payment of a debt contracted under an agreement that it should be secured, but which failed of its purpose, owing to the neglect of the parties to strictly conform to its provisions.

Under these circumstances, it is not unlikely that the officers of the corporation regarded themselves as bound in equity, if not in law, to make such a transfer of accounts as would comply with the conditions on which the money was originally loaned.   If such were the case the inference would not necessarily be required that the intent with which the act was done was that of giving preference to particular creditors over other creditors within the meaning of the statute.

If the views expressed are correct, it follows that, upon the facts as here presented, the plaintiff is entitled to a judgment directing a reassignment to him of such accounts, or the proceeds thereof, as shall remain after a sufficient sum shall have been collected to pay the sums due, with principal and interest on the notes, belonging to Alexander, Chapin and Patton.

In determining the amount due on the Chapin note, there should be first credited thereon $1,176.69, the value of certain goods for which he is indebted to the corporation.

Judgment is directed accordingly, without costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment for plaintiff, as directed in opinion, without costs.