Ernest R. Meserve, Respondent, v. Maude M. Meserve, Appellant.— In an action to annul a marriage on the ground of fraud, order denying defendant's motion for summary judgment reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, the record in the former action for separation disclosed that there was a distinct issue raised by the pleadings and litigated on the trial as to cohabitation between the parties, which issue was determined against the plaintiff in the present action, and it was found therein that cohabitation continued subsequent to the time that, as alleged by plaintiff in his amended complaint, he discovered the alleged fraud and concealment. The plaintiff may not, therefore, maintain the present action. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

Argiro Pagnoni, Appellant, v. Elsie Pagnoni, Respondent.— Upon the ground that defendant had not been served with a copy of the summons and complaint, the Special Term vacated and declared null and void the judgment of divorce that plaintiff had obtained by default. Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

Edward Potter, as Permanent Receiver of the Emerson-Steuben Corporation, Its Stock, Property, etc., Appellant, v. Emerson-Steuben Corporation, Isaac Kaufman and Others, Respondents.— Judgment dismissing the complaint in an action by a receiver appointed in a sequestration action to set aside transfers of the defendant corporation's property to the individual defendants, made in violation of section 15 of the Stock Corporation Law, reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion the uncontradicted evidence shows that the transfers were made in violation of the statute. Proof that the corporation was insolvent or its insolvency was imminent and that the transfer was made with the intent of giving a preference is not necessary where the transfer is made, as it was here, to a director of the corporation. (Throop v. H. L. Co., 125 N. Y. 530; Millbank v. Welch, 74 Hun, 497.) For the purpose of granting a new trial, all findings of fact are reversed and the conclusions of law are disapproved. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

The People of the State of New York, Respondent, v. William V. Cahill, Appellant.— Judgment of the County Court of Orange county convicting the defendant of manslaughter in the first degree and orders unanimously affirmed. We are of the opinion that the evidence sustains the guilt of the defendant beyond a reasonable doubt, that the court properly submitted the four degrees of homicide to the jury (People v. Van Norman, 231 N. Y. 454), that the signed statements of the defendant were properly received in evidence, and that no substantial errors were committed during the trial. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

The People of the State of New York, Respondent, v. Louis Dachis, Appellant.— Judgment of the County Court of Queens county convicting the defendant of the crime of attempted extortion, committed as a second offense, and order denying motion to set aside the verdict, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.