**In re CRESCENT BOX MFG. CORPORATION.**
**No. 39574.**

District Court, E. D. New York.
July 27, 1942.

Louis Schlesinger, of New York City, for trustee.

John F. X. Browne, of New York City, for respondents.

GALSTON, District Judge.

These are cross-motions, relating to a turnover order of the referee granting the petition of the trustee.

The matter came before the referee on a petition of the trustee which recited that an involuntary petition in bankruptcy was filed against the bankrupt on or about August 26, 1940. The bankrupt had been engaged in the business of manufacturing luggage boxes. It is alleged that between the first day of February, 1939, and the 11th day of July, 1940, the bankrupt corporation was insolvent; that during all of such times the estate of one Luther R. Williams, deceased, was a stockholder of the bankrupt; that Henry L. Williams, a brother of the decedent, was the sole executor of the estate, and was an officer and director of the bankrupt, and that said Henry L. Williams had knowledge, or should have had knowledge, of the condition of insolvency of the corporation. It is further alleged that on February 1, 1939, and on July 11, 1940, while the corporation was insolvent, it transferred and assigned to Williams, as executor of the estate of Luther R. Williams, accounts receivable, due to the bankrupt corporation, in the sum of $4,298.21, in violation of § 60, sub. a of the National Bankruptcy Act. 11 U.S.C.A. § 96, sub. a thus enabling the said Williams, as executor of the estate, to obtain the assets of the bankrupt corporation to the exclusion of all other creditors, and also in violation of the Stock Corporation Law of the State of New York, Consol. Laws N.Y. c. 59, and the Debtor and Creditor Law of the State of New York, Consol. Laws N.Y. c. 12. Accordingly the trustee in bankruptcy sought to stay Henry L. Williams, as executor, from transferring, assigning, or otherwise disposing of the accounts receivable and directing him to turn over to the trustee in bankruptcy either the accounts or such sums as had been collected therefrom in addition to the accounts which remained uncollected. Williams interposed an answer in which he asserted that the court had no jurisdiction over the respondent or over the property described in the trustee's petition, and alleged that the property had never been in the possession or under the control of the bankruptcy court.

The referee found that Luther R. Williams, during his lifetime, was an officer, director and the majority stockholder of the bankrupt; that Luther R. Williams had provided in his will that upon his death his estate continue to hold his stock in the bankrupt, and continue being a director, and he nominated in his will three persons to be officers and directors of the bankrupt; that upon the probate of the will Henry L. Williams was made executor of the estate of Luther R. Williams, and that he became a director of the bankrupt and continued to be a director until the bankrupt was adjudicated, and that the said Henry L. Williams was an officer of the bankrupt during a substantial portion of the intervening period. The referee also found that on July 11, 1940, the bankrupt had assigned to Henry L. Williams accounts receivable of the bankrupt of the face value of $4,298.21; and that on that date the bankrupt owed $24,000, and had in other assets only about $200, and was insolvent, and that such accounts were assigned to the petitioner as executor as securities for advances made in 1939 by Luther R. Williams and later on by his estate, but that no money was advanced at the time of the assignment on July 11, 1940. Further findings of fact by the referee show that at the time of the assignment the bankrupt had but three directors, Henry L. Williams, James C. Williams, his brother, and Hugh M. Cheesman, whom the decedent had nominated to be such in his will. It is also found by the referee that no notice was sent to the debtors of the assignment of such accounts, and that complete dominion over the accounts was left in the bankrupt who could and did collect them in part and deposited the proceeds of such collection in its general bank account.

The record substantially sustains the findings of fact of the referee, though it should be noted that in Schedule C of the accountant's report, at the foot of the list of accounts receivable, appears the legend "Assigned to the Estate of Luther R. Williams—7/11/40", and not specifically to Henry L. Williams, as stated in the referee's fifth finding of fact.

The referee concluded that the property of an insolvent corporation constitutes a trust fund for the benefit of its creditors, and that no stockholder, director or officer could acquire any of the corporation's assets during such insolvency except as trustee for its creditors; § 50, New York

Stock Corporation Law; Ward v. City Trust Co. of New York, 192 N.Y. 61, 84 N.E. 585; Caesar v. Bernard, 156 App. Div. 724, 141 N.Y.S. 659. The referee concluded that as a matter of law the executor did not attain the status of an adverse claimant; that in effect his asserted title to the accounts receivable was colorable and that the bankruptcy court could therefore exercise summary jurisdiction.

■ The referee's conclusion is sound. The rights of the parties depend primarily on the law of New York, as was said by Mr. Justice Brandeis in Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991.

Section 15 of the Stock Corporation Law of the State of New York provides: " * * * No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except as to any rights or interests which may be acquired thereunder by any person without notice or reasonable cause to believe that such conveyance, assignment, transfer, payment, judgment, lien or security would effect a preference. * * * Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor · to its creditors or stockholders or other trustees. * * * Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void, except as hereinbefore provided. * * * "

■ Indeed, New York courts have gone so far as to say, in construing Section 15 of the Stock Corporation Law, that proof that the corporation saw its insolvency was imminent, and that the transfer was made with the intent of giving a preference, is not necessary where the transfer is made to a director of the corporation. Potter v. Emerson-Steuben Corporation, 248 App.Div. 630, 288 N.Y.Supp. 170; Throop v. Hatch Lithographic Co., 125 N.Y. 530, 26 N.E. 742. In Ward v. City Trust Co. of New York, 192 N.Y. 61, 84 N.E. 585, 589, it was said:

"Primarily, the capital of a corporation is held for the protection of its creditors, and is impressed with a trust in their behalf, and the directors cannot lawfully, nor can the stockholders, divert the funds of a corporation to the individual use of its members, if thereby the capital is impaired and the corporation rendered insolvent."

■■ The record shows that the estate of Luther R. Williams, deceased, was the controlling stockholder and director of the bankrupt and that the estate acted through its representative, Henry L. Williams, as executor. It is also clear beyond doubt that the bankrupt was insolvent on July 11, 1940, the date of the last assignment of accounts receivable to the estate of Luther R. Williams. To permit the Williams estate, which controlled the corporation, to prefer itself to the practical exclusion of every other creditor, leaving $155 of assets as against liabilities of $24,479.04, establishes clearest ground for the exercise of summary jurisdiction by the bankruptcy court. See Benedict v. Ratner, supra; also May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 458, 69 L.Ed. 870, wherein it was said that though property or money held adversely to the bankrupt can only be recovered in a plenary suit and not by a summary proceeding in a bankruptcy court, nevertheless when property is held or acquired by others for the account of the bankrupt, it is subject to a summary order of the court; which may direct an accounting and a payment over to the trustee or receiver appointed by the bankruptcy court. Nor will courts of bankruptcy, said Chief Justice Stone, then Mr. Justice Stone, in the same case "permit themselves to be ousted of jurisdiction by the mere assertion of an adverse claim. The court has jurisdiction to inquire into the claim for the purpose of ascertaining whether the summary remedy is an appropriate one within the principles of decision here stated. * * * It may disregard the assertion that the claim is adverse, if on the undisputed facts it appears to be merely colorable."

■ In Rabinovitz v. Oughton, 3 Cir., 92 F.2d 297, 298, following the quotation just recited from May v. Henderson, 268 U.S. 111, at page 116, 45 S.Ct. 456, 69 L.Ed. 870, it was said: "Though an officer of a corporation may be an adverse claimant, when that officer is also the principal stockholder, his actions should be scrutinized carefully to prevent fraud on the creditors."

Accordingly the motion of Henry L. Williams, individually and as executor of the estate of Luther R. Williams, is denied, and the cross-motion of the trustee in bankruptcy to dismiss the petition of the said Henry L. Williams is granted. Settle orders on notice.