Charles Margett, J.
Motion by the two individual defendants for an order dismissing the complaint as to them for insufficiency.
The complaint contains eight causes of action. The first seven seek judgment against the corporate defendant for back wages and overtime pay for the years 1953 to February 28,1959, inclusive. In the eighth cause of action, judgment is sought against the individual defendants and this motion necessarily is directed solely to that cause of action.
In the eighth cause of action plaintiff, after realleging that there is back pay due to him for the years 1953 to 1959, then alleges that during all those years the individual defendants were the sole stockholders and officers and constituted a majority of the board of directors of the corporate defendant and controlled its operations, that they had knowledge of plaintiff’s p.1 aim against the corporate defendant, that they sold the corporate assets and appropriated the proceeds to their own benefit, leaving the corporation insolvent and making no provision for the payment of plaintiff’s claim.
*697 The moving defendants contend that no action may he brought against them until a judgment has been obtained against the corporation and execution returned unsatisfied. While that is the general rule (Buttles v. Smith, 281 N. Y. 226), there are exceptions as the cited case notes at page 237. (See, also, Bonhart v. Braunwarth, 81 N. Y. S. 2d 739.)
Defendants’ further contention that the allegation respecting insolvency is conclusory and that the insolvency provisions of section 15 of the Stock Corporation Law apply only to transfers to creditors is without merit. Proof of insolvency or that the transfer was made with the intent of giving a preference is not necessary where the transfer is made to a director of the corporation. (Potter v. Emerson-Steuben Corp., 248 App. Div. 630.)
The argument that the action is barred by the Statute of Limitations (Stock Corporation Law, §§ 71, 73) cannot be urged on a motion to dismiss for legal insufficiency. (Locke v. Pembroke, 280 N. Y. 430, 434.) Moreover, plaintiff is suing the individual defendants as directors as well as stockholders.
The motion to dismiss the complaint is denied.
Submit order.