### In re SCHILLING et al.

(District Court, N. D. Ohio, E. D. March 24, 1920.)

#### No. 6510.

Bankruptcy ⬤⟼305—Measure of damages for wrongful conversion of property of estate stated.

> Where county commissioners, in violation of an injunction of the bankruptcy court, seized and used brick owned by bankrupts and which had been delivered at the place where they were to be used in road work, the measure of recovery by the trustee *held* to be the market value of the brick at the nearest market, plus the cost of delivery at the place where taken and used, and not limited to the amount the trustee could have realized by transporting them to the market place.

In Bankruptcy. In the matter of Chandler Schilling and W. L. Loller, trading as the Schilling Construction Company, bankrupts. On review of order of referee. Confirmed.

See, also, 258 Fed. 489.

Walter S. Ruff, of Canton, Ohio, for county commissioners.
Paul J. Jones, of Youngstown, Ohio, for trustee.

WESTENHAVER, District Judge. This matter is the sequel of the controversy reviewed and decided by me June 26, 1919. See In re Schilling (D. C.) 258 Fed. 489. The trustee in bankruptcy, after my decision holding that the title to the 186,000 paving brick in dispute was in him, and not in the county commissioners, found that the commissioners had, pending proceedings, seized these brick and had used them in completing the county highway for which the bankrupt construction company had acquired them, notwithstanding an injunction had been previously awarded and was then in force, enjoining the commissioners and all other persons from interfering with the possession and title of the trustee. No proceedings in contempt have been instituted, but the referee, upon issues properly framed, has ascertained the value of the brick, and has made an order requiring the payment thereof with interest from June 10, 1919, the agreed date of such conversion. This value, he finds, is $33 per 1000. The petition for review of the county commissioners presents the single question as to whether this finding is supported by the evidence.

This evidence is embodied in an agreed statement of facts. It appears that the market value of these bricks, in the nearest market at which they could have been bought for this use, was $25 per 1000 f. o. b. cars, that the cost of transporting them to the site where used was $8 per 1000, and that the cost of transporting them from the site where found to the nearest railroad station where the market value could be realized was $5 per 1000. There is no other evidence of the so-called market value at the time and place where converted. On this hearing it was admitted in argument that the county commissioners bought other brick to be used at the same place and for the same purpose, paying therefor $25 per 1000 and an additional $8 per 1000 to transport them to the place of use, making a total cost per 1000 to the county of $33. The petitioner's contention is that the only proper legal inference from these facts is that the market value at the time and place of conversion is shown to be $20 per 1000. The basis of this contention is that, inasmuch as no prevailing market price is shown, except the $25 per 1000 at the nearest place where such brick could be purchased, it would be necessary to spend $5 in order to realize this price, and that, inasmuch as the trustee could not have realized a higher or different price, except by penalizing the county commissioners, this sum must be taken as the correct measure of damages.

The true measure of damages for property converted is, it is said, its market value. This, it may be conceded, is true as a general rule, and will be adopted, in the absence of special circumstances calling for the application of a different rule. It is further said that market value is the price which property will bring when it is offered for sale by one who desires to sell, but is not compelled so to do, and is bought by one who desires to buy, but is not obliged so to do. This, also, is true as a general rule. This rule is not, however, without limitations, and is not to be applied in all situations. Thus, if the trespass or conversion

is wrongful or intentional, the owner is entitled to the enhanced value of the property taken, until it has been so changed as to alter its title.

Applying this rule, it has been frequently held that one who wrongfully and intentionally cuts and carries away standing timber, and converts it into merchantable lumber, is liable, not for the value of the trees on the stump, but for their enhanced value after converted into lumber. See 2 Green. on Ev. § 276; Baker v. Wheeler, 8 Wend. (N. Y.) 505, 24 Am. Dec. 66; Woodenware Co. v. United States, 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230; Pine River Logging Co. v. United States, 186 U. S. 279, 22 Sup. Ct. 920, 46 L. Ed. 1164. In some cases, when the wrongful conversion consists in converting the property into money, the price thus received by the wrongdoer is taken as the lowest measure of damages. See 2 Green. on Ev. § 649 (note 4); 38 Cyc. 2089. Furthermore, the owner may waive the tort and sue to recover that which the wrongdoer has received from property thus converted into money. See Ingram v. Rankin, 47 Wis. 406, 2 N. W. 755, 32 Am. Rep. 762, 770. This rule is necessary in order to prevent a wrongdoer from profiting by his wrong.

This case should be decided on its special facts. A court of bankruptcy is a court of equity, and, in determining the question involved, should apply equitable principles. The county commissioners are undoubtedly wrongdoers. Their seizure and conversion of the property was not innocent, but was made with full knowledge, and is therefore wrongful, if not wanton and willful. Their seizure and conversion was made, not merely with knowledge of the trustee's rights, but in violation of an order of this court. They have thereby deprived the trustee of any opportunity to fix the price by free bargaining. They have profited by the wrong done to the extent of $33 per 1000. They are not in a position to insist that the most favorable rule in ascertaining damages for conversion of property shall be applied. On the contrary, the rules applicable to a wrongdoer, who has enhanced the value of property wrongfully taken and converted, or who has converted property wrongfully taken, into money at a higher price than its market value, should be applied in this situation. Particularly is this true since the contempt is waived, as, in a contempt proceeding, it would be within the sound discretion of the court to assess that value as compensation to the person injured by the violation of an injunction order.

The finding and order, therefore, of the referee, will be affirmed, and the cause remanded for further proceedings. An exception may be noted.