**In re READING ENGINEERING, Inc.**

Circuit Court of Appeals, Second Circuit. November 12, 1928.

No. 44.

Esselstyn & Haughwout, of New York City (J. Ard. Haughwout, of New York City, of counsel), for appellants.

Edgar B. Bronson, Jr., of New York City, for respondent.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. The Reading Engineering Company was adjudicated a bankrupt on November 21, 1923. At this time, the appellant, Hoisting Company, was its landlord, owning a property in New Jersey whereon the bankrupt had placed some old machinery. On October 21, 1927, the trustee petitioned, in a summary proceeding, for an order directing the Hoisting Company and John C. Houston to turn over the proceeds of the sale of this machinery to him. For ten months after the bankruptcy the machinery remained on the property of the appellant, and distraint proceedings were commenced for the nonpayment of rent, and a sale of the property was had; the purchaser being the Hoisting Company and the bid $1,500. The major part of the property remained from that day on in possession of the appellant Hoisting Company, who offered, on the hearing before the referee and in the District Court on this motion, to turn over to the trustee the property which it had obtained as a result of the distraint proceedings, but this offer was refused. On the hearing before the referee, it was found that practically all the property was still on the premises where it had been, and could be delivered to the trustee, if he came to take it. The due rent of the appellant was $2,400. The sale under the distraint proceedings is conceded to have been void.

The referee decided that the bankruptcy court was without jurisdiction to grant the relief prayed for by the appellee. On appeal to the District Court, this determination was annulled, and it was determined that the appellants should pay over to the trustee $1,500, as the value or proceeds of the chattels alleged to have been converted by reason of this sale.

At all times the trustee was entitled to retake or recover possession of the specific

property belonging to the bankrupt, which was in this open lot of the appellant, Hoisting Company, in New Jersey. The attempted sale of the property for the nonpayment of the rent was ineffectual and void, and the title to the property remained in the trustee, irrespective of this sale. Such property as was actually destroyed, carted away, or converted by the appellant, it may be held for in damages. But that valuation must be determined. No summary order directing appellants to pay the so-called value of these pieces of machinery can lawfully be entered, and appellant Hoisting Company is only responsible, in a proper proceeding, for such property as cannot be traced, identified, and returned. First National Bank v. Chicago Title & Trust Co., 198 U. S. 280, 25 S. Ct. 693, 49 L. Ed. 1051; In re Rose Shoe Mfg. Co. (C. C. A.) 168 F. 39; Mason v. Wolkowich (C. C. A.) 150 F. 699, 10 L. R. A. (N. S.) 765; Hinds v. Moore (C. C. A.) 134 F. 221.

Nor is May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870, to the contrary. There the bankrupt, within four months prior to bankruptcy, made a joint assignment for the benefit of creditors to Henderson and Scannell. At the time of the assignment, the assignor was indebted on a $15,000 promissory note to the Ft. Sutter National Bank, of which Henderson was president, and where the assignor carried a deposit account. At the direction of Henderson, the bank account, which had stood in the assignor's name, was transferred by the bank to the name of the assignee, and thereafter further deposits were made in the account prior to the bankruptcy. It appeared, also, that by the direction of Henderson, and prior to the bankruptcy, the bank debited the account from time to time with various sums as payments on account of the $15,000 note held by the bank. These credits amounted to $12,833.81. The court said that the assignees held the bankrupt's property, including the bank account, for the benefit of all the creditors, and that, although neither the bank nor the assignee had any specific money for the account of the bankrupt and his creditors, the assignees were the creditors of the bank, and the bank was their debtor, and it was this credit, a chose in action, which was held by the assignees for the account of the bankrupt. The court held that the bankruptcy court had jurisdiction to direct the assignees to account for the credit so held by them as for any other property coming into their hands, and that a summary order could be made directing payment over of the money to the trustee in bankruptcy.

This is not contrary to the rule we here apply, that the property belonging to the bankrupt's estate, if it is in existence, and can be identified and turned over to the trustee, should be turned over, rather than the alleged proceeds of such property. The sale of the property here in question did not result in the passage of money, for the appellant did not pay to itself the arrears of rent. In re Denson (D. C.) 195 F. 854, is a decision based on the finding that the property had been commingled and dissipated, so that restoration in kind was impossible. In Re Schilling (D. C.) 264 F. 357, the court pointed out that the trustee may waive the tort and sue to recover that which the wrongdoer has received from the property thus converted into money. So here, since the machinery can be identified and is located where the bankrupt placed it, the court below should only have directed its return to the possession of the trustee. As to that property which cannot be found, and which has disappeared because of some act on the part of the appellant Hoisting Company, the trustee may recover its value in a proper proceeding.

It was clearly erroneous to direct that payment be made by the president of the corporation, J. C. Houston. The Hoisting Machinery Corporation was the landlord, and it had possession of the property, and attempted to make the sale. It alone is responsible for the loss of any parts of the machinery.

Order reversed.