## COMMERCIAL CASUALTY INS. CO. v. WILLIAMS.

### In re CLARK.

Circuit Court of Appeals, Fourth Circuit. January 14, 1930.

No. 2893.

S. Brown Shepherd, of Raleigh, N. C., and Leslie H. Adams, of Newark, N. J. (Jones Fuller, of Durham, N. C., on the brief, for appellant.

E. K. Bryan, of Wilmington, N. C. (Marsden Bellamy and Bryan & Campbell, all of Wilmington, N. C. on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and McDOWELL, District Judge.

NORTHCOTT, Circuit Judge. In May, 1924, one Walter Clark contracted to erect a building for the county of Durham, in the state of North Carolina, and gave bond for the completion of his contract, and payment of labor and material claims, etc., with the appellant, Commercial Casualty Insurance Company, as surety. In connection with giving of said bond the said Clark filed an indemnity contract for the protection of the surety. This indemnity contract contained the following provisions:

"That for the better protection and security of the company, the undersigned, as of the date hereof, hereby assigns, transfers and conveys to the company all the right, title and interest of the undersigned in and to all the supplies, tools, plant, equipment and materials of every nature and description that he or it may now or hereafter have upon said work, or in, or on, about the site thereof, and also all materials purchased, for or chargeable to the said contract which may be in progress of manufacture or construction, or in transportation, or in storage elsewhere, and also all his or its rights in and to all subcontracts relating to said work which have been or may hereafter be made, together with the materials embraced therein, and as well as the rights, title and interests of the undersigned in and to all bonds executed to the undersigned securing the performance by said subcontractors of subcontracts, hereby subrogating said company to all such rights, title and interests of the undersigned therein;

and the undersigned does hereby authorize and empower the company, its authorized agents or attorneys, to enter upon and take possession of said supplies, tools, plant, equipment, materials, and subcontracts, and enforce, use and enjoy the title thereto and the possession thereof in the event of any default on the part of the undersigned in the performance of the contract hereinbefore referred to or in the payment of the premiums above mentioned."

The indemnity contract was not recorded. In October, 1924, when the building was less than half completed, Clark's affairs became involved, and a receiver was appointed for him in the state court. On November 8, 1924, Clark filed a petition in bankruptcy and was later adjudged bankrupt. The receiver when appointed took possession of Clark's property, including material and machinery at the building, and later the trustee in bankruptcy succeeded him in such possession. Later an agent of the trustee turned this property over to appellant, thinking he was instructed so to do. Appellee, the trustee in bankruptcy, brought this action in the District Court of the United States for the Eastern District of North Carolina against the appellant, who was defendant below, to recover the value of materials used by appellant, and the value of the tools and machinery.

An agreed stipulation of facts was entered into in writing, and, upon hearing, the court below held that appellant was liable to the trustee for the value of property taken, used, and converted, and appointed a master to ascertain and report the value of the property and the amount which the trustee was entitled to recover. From this finding of the District Court appellant brought this appeal.

■ Had appellant recorded its indemnity contract a different case would be presented here. This contract is in effect a chattel mortgage in the meaning of the recordation statute of North Carolina (Consolidated Statutes, Annotated, § 3311), which is as follows:

"*Deeds of Trust and Mortgages, Real and Personal.*—No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lies; or in case of personal estate, where the donor, bargainor or mortgagor resides; or in case the donor, bargainor or mortgagor re-

sides out of the state, then in the county where the said personal estate, or some part of the same, is situated; or in case of choses in action, where the donee, bargainee, or mortgagee resides. For the purposes mentioned in this section the principal place of business of a domestic corporation is its residence."

A full discussion as to similar contracts, under the Ohio recordation statute, will be found in Massachusetts Bonding & Insurance Company v. Kemper (C. C. A.) 220 F. 847, where Judge Denison, speaking for the court, holds a similar contract to be in effect a chattel mortgage. Sneeden v. Nurnberger's Market, 192 N. C. 439, 135 S. C. 328.

■ Secret liens are repugnant to the law. Holt et al. v. Pick & Company (C. C. A.) 25 F.(2d) 378.

■ The amendment to the Bankruptcy Act of 1910, by which a trustee is vested with the rights and powers of a creditor with a lien acquired by legal or equitable proceedings was, among other things, passed specifically for the purpose of protecting against the evil of secret liens. Bunch v. Maloney (C. C. A.) 233 F. 967.

We are of the opinion that appellant is not entitled to the materials or machinery under the indemnity contract, because of failure to record this contract.

■ It is strongly contended on behalf of appellant that it is entitled to subrogation to the rights of the county under the contract. The contract with the county provided as follows:

"If the contractor should be adjudged a bankrupt, or if he should make a general assignment for the benefit of his creditors, or if a receiver should be appointed on account of his insolvency, or if he should persistently disregard laws, ordinances or the instructions of the architect, or otherwise be guilty of a substantial violation of any provision of the contract, then the owner, upon the certificate of the architect that sufficient cause exists to justify such action, may without prejudice to any other right or remedy and after giving the contractor seven days' written notice terminate the employment of the contractor and take possession of the premises and of all materials, tools, and appliances thereon and finish the work by whatever method he may deem expedient."

No certificate was issued and no written notice was given. That the bonding company is entitled to be subrogated to whatever rights the county had is undoubtedly true.

Lacy v. Maryland Casualty Co. (C. C. A.) 32 F.(2d) 48, and authorities there cited.

The mere fact that the county had the right to take possession of the premises and complete the work did not give it title to the materials which were on the ground and which had been purchased by the contractor. The title to these materials had vested in the contractor and not in the county, and the mere fact that the contractor breached his contract did not operate to vest the title to the materials in the county or give the county a lien thereon.

Furthermore, if the provision in the contract with the county, above quoted, should be regarded as giving a lien upon the materials and tools, or title to the same in case of the default of the contractor, the contract is void as against the trustee, because it would then be, in effect, a chattel mortgage not recorded.

The decree of the learned judge below was a proper one, and the judgment of the court is accordingly affirmed.