### COMMERCIAL CASUALTY INS. CO. v. WILLIAMS.
### No. 3150.

Circuit Court of Appeals, Fourth Circuit.
June 17, 1931.

S. Brown Shepherd, of Raleigh, N. C. (L. H. Adams, of Newark, N. J., on the brief), for appellant.

Marsden Bellamy and E. K. Bryan, both of Wilmington, N. C., for appellee.

Before NORTHCOTT, Circuit Judge, and McCLINTIC and ERNEST F. COCHRAN, District Judges.

PER CURIAM.

This case was before this court on question of ownership of the property here in controversy. Commercial Casualty Ins. Co. v. Williams, 37 F.(2d) 326. This court affirmed the decision of the judge below, holding that the property in question belonged to trustee, and reference was had to a referee to take evidence as to the value of the property used by appellant in the completion of the building, under the circumstances detailed in the former decision of this court above cited, and report to the District Court. Evidence was taken, and referee reported in detail as to the value of the property, fixing the total sum at $20,191.11. Upon exceptions to the referee's report, it was held by the judge below that the report should be confirmed, and judgment was entered for the trustee for the amount found, with interest, from which action this appeal was taken.

It has been repeatedly held by this court that the District Court's findings of fact, supported by evidence, will not be reversed, unless clearly wrong. Chesapeake Lighterage & Towing Co., Inc., v. Baltimore Copper Smelting & Rolling Co. (C. C. A.) 40 F.(2d) 394, and cases there cited. This rule is at least equally applicable where the finding of the judge is based upon the report of a referee, for there we not only have the judgment of the referee, who took the testimony and heard the witnesses, but the judgment of the court. Here, an examination of the record convinces us that the report of the referee was clearly right. Appellant took the property wrongfully, and certainly cannot be allowed to profit by its wrong. In re Schilling et al. (D. C.) 264 F. 357, and authorities there cited.

Affirmed.