EAST RIVER SAVINGS BANK, Respondent, *v.* 671 PROSPECT AVENUE HOLDING CORPORATION et al., Defendants, and GUSSIE HUTT, Appellant.

Argued April 11, 1939; decided April 21, 1939.

*Karl Propper* and *Clara Tepper* for appellant. The answering affidavit upon the motion for summary judgment raises a triable issue. The personal property clause does not include the business personalty. (*Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.*, 277 N. Y. 283; *Central Chandelier Co.* v. *Irving Trust Co.*, 259 N. Y. 343.)

*Caesar Nobiletti* for respondent. The agreements between the parties evidence an intent to pledge the personalty

under the realty mortgage. (*Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.*, 277 N. Y. 283; *MacDonnell* v. *Buffalo Loan, Trust & Safe Deposit Co.*, 193 N. Y. 92; *Clement* v. *Congress Hall*, 72 Misc. Rep. 519; *Matter of Downtown Athletic Club of New York City, Inc.*, 18 Fed. Supp. 712; *Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24; *Alf Holding Corp.* v. *American Stove Co.*, 253 N. Y. 450; *Kommel* v. *Herb-Gner Construction Co.*, 256 N. Y. 333; *Shelton Holding Corp.* v. *150 East Forty-eighth Street Corp.*, 264 N. Y. 339; *President & Directors of Manhattan Co.* v. *Newberry*, 265 N. Y. 588; *President & Directors of Manhattan Co.* v. *Ellda Corp.*, 245 App. Div. 625.)

*Per Curiam.* It was error to strike out the answer of appellant and to grant summary judgment for plaintiff directing, among other things, foreclosure and sale of the personal property referred to in and asserted by plaintiff to be covered by the provisions of the real estate mortgage which this action was brought to foreclose. It appears from the pleadings and affidavits submitted on the motion that such property was not as matter of law so attached to and made a part of the building as to constitute fixtures. The intent that it should not be included within the coverage of the real estate mortgage could fairly be inferred by the fact that the contract of sale specifically provided for the execution and delivery of a separate chattel mortgage instrument covering that property as additional security for the payment of part of the purchase price of the realty, which chattel mortgage was, in fact, executed, delivered to and accepted by the plaintiff at the same time as the execution and delivery of the mortgage covering the real estate. (*Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.*, 277 N. Y. 283.)

The order of the Appellate Division and the judgment of the Special Term should be reversed, with costs to the appellant in all courts, and the motion denied, with ten dollars costs. (See 280 N. Y. 814.)

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; FINCH, J., taking no part.

Ordered accordingly.