### In re 671 PROSPECT AVENUE HOLDING CORPORATION.
### No. 409.

Circuit Court of Appeals, Second Circuit.
July 10, 1939.

Superseding opinion, 97 F.2d 513.

Nathan B. Fogelson, of New York City (Max Rockmore, of New York City, of counsel), for appellant.

Wayland & Bernard, of New York City (Caesar Nobiletti, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

This appeal was before us at a prior term of court and an opinion was rendered which is reported in 2 Cir., 97 F.2d 513. At the current term a motion was made by the trustee in bankruptcy to vacate our decision, recall our mandate, reinstate the appeal and grant a reargument on the ground that one of the judges who participated in the former decision was disqualified by personal interest. This motion was granted and the case has been reargued upon the original and supplemental briefs.

■ The question presented is whether the real estate mortgage by virtue of its personal property clause created a valid lien on kitchen utensils, furniture and other chattels not attached to the building as fixtures but used in the catering business operated therein by the bankrupt. This must be determined in accordance with the local law. In deciding the question in favor of the bank the district judge relied strongly upon a decision of Mr. Justice McLaughlin, who granted the bank's motion for summary judgment in a proceeding brought in the Supreme Court of the state, with the permission of the court of bankruptcy, to foreclose this very mortgage. Subsequent to our prior decision affirming the district court, the foreclosure action reached the New York Court of Appeals and the summary judgment in favor of the bank was reversed. East River Savings Bank v. 671 Prospect Avenue Holding Corporation, 280 N.Y. 342, 20 N.E.2d 780. The full text of the opinion is as follows:

"Per Curiam. It was error to strike out the answer of appellant and to grant summary judgment for plaintiff directing, among other things, foreclosure and sale of the personal property referred to in and asserted by plaintiff to be covered by the provisions of the real estate mortgage which this action was brought to foreclose. It appears from the pleadings and affidavits submitted on the motion that such property was not as matter of law so attached to and made a part of the building as to constitute fixtures. The intent that it should not be included within the coverage of the real estate mortgage could fairly be inferred by the fact that the contract of sale specifically provided for the execution and delivery of a separate chattel mortgage instrument covering that property as additional security for the payment of part of the purchase price of the realty, which chattel mortgage was, in fact, executed, delivered to and accepted by the plaintiff at the same time as the execution and delivery of the mortgage covering the real estate. Manufacturers Trust Co. v. Peck-Schwartz Realty Corp., 277 N.Y. 283, 14 N.E.2d 70.

"The order of the Appellate Division and the judgment of the Special Term should be reversed, with costs to the appellant in all courts, and the motion denied, with ten dollars costs."

■ It is true that the actual decision leaves it open to the bank to establish a lien on the chattels after a full trial on the merits; but in effect the holding is that from the documents before the court it could "fairly be inferred" that the personal property in question was not intended to be included within the coverage of the real estate mortgage. The same documents that were before the Court of Appeals are presented to us in the record on appeal. We can find nothing in them to overcome the inference drawn by the Court of Appeals from the provisions of the contract of sale and the chattel mortgage. The contract of sale was between the bank and Samuel Fuchs. If he gave a real estate mortgage covering chattels it would have to be filed as a chattel mortgage. Lien Law, § 230, Consol.Laws N.Y. c. 33. Probably it was to avoid this necessity that the seller required him to agree to give a chattel mortgage as additional security. Fuchs having assigned the contract to the bankrupt, a corporation, the latter's mortgage which was security for a bond, could include chattels without the necessity of filing it as a chattel mortgage, Lien Law, § 231, but the seller still insisted on the execution of a chattel mortgage, to which was appended an affidavit by the bankrupt's president that there were no mortgages, liens, or encumbrances whatever upon the chattels. Thus the intent not to include them in the real estate mortgage is evident, and finds further support in the subsequent agreement by Fuchs to indemnify the bank against loss resulting from withholding the chattel mortgage from record. Therefore we regard the opinion of

the Court of Appeals as a statement of the New York law on the very point before this court and we must hold that the chattels in question are not within the coverage of the real estate mortgage. The order appealed from is reversed.