**In re 671 PROSPECT AVENUE HOLDING CORPORATION.**

**NEWFIELD v. EAST RIVER SAV. BANK.**

**No. 198.**

Circuit Court of Appeals, Second Circuit.

March 24, 1941.

Nathan B. Fogelson, of New York City (Max Rockmore, of New York City, of counsel), for appellant.

Wayland & Bernard, of New York City (Caesar Nobiletti and Richard F. Curran, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents an interesting question of summary jurisdiction in bankruptcy. It arises upon a petition filed by the trustee in bankruptcy to which the appellee, East River Savings Bank, filed a special appearance and answer denying the referee's jurisdiction to determine in a summary proceeding the issues of the controversy presented by the petition. The referee ruled in favor of jurisdiction; upon petition for review the District Court set aside his order and dismissed the petition for lack of summary jurisdiction. This appeal followed.

It is conceded that the question of jurisdiction must be determined upon the allegations of the petition, which for present purposes are deemed to be true. Flanders v. Coleman, 250 U.S. 223, 227, 39 S.Ct. 472, 63 L.Ed. 948. The petition prays for an order fixing the damages sustained by the trustee as a result of acts of the bank

and directing payment of the damages so fixed. The facts alleged in support of the trustee's right to damages are as follows: The bankrupt operated a catering business in a building which it owned subject to a mortgage held by the bank. In proceedings before the referee in bankruptcy in October, 1937 the bank asserted that its mortgage covered not only the building but chattels located therein and used as catering equipment. The referee denied the bank's claim to a lien on the chattels but the District Court sustained it and was affirmed by this court in June, 1938. In re 671 Prospect Avenue Holding Corp., 2 Cir., 97 F.2d 513. On reargument, however, we reversed our prior decision in July, 1939 (see 2 Cir., 105 F.2d 960), and followed the state law, which had in the meantime been established with respect to this very mortgage. East River Savings Bank v. 671 Prospect Avenue Holding Corporation, 280 N.Y. 342, 20 N.E.2d 780. Prior to becoming trustee, the appellant had been appointed receiver in bankruptcy and as such was in possession of the bankrupt's building and its contents until the bank, pursuant to leave obtained from the bankruptcy court, instituted a foreclosure suit in the state court. In that suit, to which the appellant was made a party defendant, a receiver in foreclosure was appointed. The foreclosure receiver took over possession of the premises and collected rents from November, 1937, to July, 1938. After the first decision of this court the bank completed its foreclosure and took title to the premises. It thereafter collected the rents from the premises and for the use of the furniture and equipment therein until it sold the building and its contents to Samuel Infeld, who "is now in possession thereof." The chattels have deteriorated by use and their value has materially decreased since the date of the foreclosure receiver's appointment. The trustee asserts that they have a value of at least $16,000 and that because of their unlawful appropriation by the bank such damages should be assessed against it.

■ It is elementary that summary proceedings are available to a trustee in bankruptcy to recover possession of property, or its proceeds, belonging to the bankrupt's estate, unless the party holding it asserts a bona fide adverse claim. The appellant's petition, however, does not seek possession of the chattels; they are alleged to be in the possession of Infeld who was not named as a party respondent. Nor does it seek recovery of money in the bank's possession derived from its sale of the chattels. Were the trustee trying to reach only such proceeds of sale, there would be no difficulty in sustaining summary jurisdiction, for the invalidity of the lien under which the bank originally claimed the chattels has been conclusively determined so that no bona fide adverse claim to the proceeds of sale could now be asserted. What the trustee seeks is an order directing the bank to pay damages for unlawful conversion of the chattels. We are of opinion that the District Court was right in holding that such an issue cannot be determined summarily over the appellee's objection.

■ The existence of liability for damages caused by breach of contract or by tort must ordinarily at least be established by plenary suit, even though the plaintiff be a trustee in bankruptcy. Morrison v. Bay Parkway Nat. Bank, 2 Cir., 60 F.2d 41, 42; In re Reading Engineering, Inc., 2 Cir., 29 F.2d 22. The Reading case is squarely opposed to allowing summary proceedings under circumstances similar to those at bar. There, at the date of adjudication, the bankrupt had machinery stored on leased property; its landlord commenced distraint proceedings for non-payment of the rent and a sale was had at which the landlord bid in the machinery for $1,500. Thereafter the trustee in bankruptcy obtained a summary order directing the landlord to pay over $1500 "as the value or proceeds of the chattels alleged to have been converted by reason of this sale." On appeal the order was reversed. It was conceded that the sale under the distraint proceedings was void, as was the bank's foreclosure sale of the chattels in the case at bar. This court said that the trustee could summarily recover possession of such specific property of the bankrupt as was still on the appellant's land, and "in a proper proceeding" could recover the value of such property as the appellant had carted away or converted. We think it clear that by "a proper proceeding" was meant a plenary suit. The attempt to distinguish the Reading case on the ground that there most of the machinery was available and in the possession of the respondent, while here the bank has not possession of the chattels, cannot succeed. The decision does not rest on such narrow ground. The proper interpretation of the case is that summary proceedings

are inappropriate for actions not relating to recapture or preservation of the estate.

 The appellant relies on May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870. It is true that at page 119 of 268 U.S., at page 460 of 45 S.Ct., 69 L.Ed. 870, it was said that one subject to a turn-over order to restore property to the bankrupt's estate, "if he has sold it", "may be compelled by summary order to restore the value of the property thus wrongfully diverted." But we did not in the Reading case read this as meaning that a summary action will lie for damages for conversion of property in possession of the trustee in bankruptcy; nor do we now. Militating against summary action for the recovery of damages for conversion is the established rule that a turn-over order ·will not be made unless the party proceeded against still has possession of the specific property sought to be recovered as part of the bankrupt's estate. In re Pinsky-Lapin & Co., 2 Cir., 98 F.2d 776, 780; In re Schoenberg, 2 Cir., 70 F.2d 321, 323; Remington, Bankruptcy, 4th Ed., sec. 2414. In asking for damages the trustee does not seek a specific res formerly in the possession of the bankrupt or his trustee, nor does he seek to trace the proceeds of that res into other specific property in the possession of the respondent. Strictly speaking, he is not seeking to collect and bring into court some part of the bankrupt's estate; he is seeking to recover damages for a wrongful act that prevented him from bringing into the estate the property converted. A summary order enforceable by contempt is inappropriate when damages for tort are the matter in dispute.

 It is urged that the bank's consent to summary procedure may be found in the prior litigation concerning its lien, but the contention is unsound. Though the invalidity of the bank's lien has been established, the bank's liability to pay damages for injury to, or conversion of, the chattels has never been adjudicated; and the issue of liability presents a controversy which the bank is entitled to have tried out in a plenary suit, if it so wishes.

Accordingly, the order appealed from must be affirmed; but the affirmance is without prejudice to other summary proceedings to recover possession of the chattels or of the proceeds of the sale of them, or to a plenary suit to recover damages for using or for converting them.

Order affirmed.