**In the Matter of HAMMOND STANDISH & COMPANY, a Michigan corporation, Debtor.**

**No. 33632.**

United States District Court
E. D. Michigan, S. D.

Dec. 2, 1954.

Frederick B. Darden, Detroit, Mich., for receiver for Hammond Standish & Co.

Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., for Cleveland Provision Co.

FREEMAN, District Judge.

This matter involves a question of summary jurisdiction in bankruptcy and is before the Court on a petition for review of an order of a Referee in Bank-

ruptcy, denying motions of the Cleveland Provision Company (hereinafter referred to as Cleveland) to quash service of an order to show cause, to dismiss the receiver's application for an accounting, restraining order and order to show cause, and to dissolve the temporary injunction issued by the Referee restraining Cleveland from selling, assigning, encumbering, or removing any of its machinery and equipment then on the premises of the Debtor Company.

Briefly, the facts are as follows: On August 14, 1951, the Debtor herein filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and on the same date a receiver was appointed to operate the Debtor's business. On September 11, 1952, the Referee entered an order confirming a proposed plan of arrangement, as subsequently amended, under which the receiver was to continue to operate the business. On June 11, 1954, the receiver filed an application for an accounting by Cleveland and judgment thereon, a restraining order and order to show cause, and on the same date the Referee entered an order directing Cleveland to show cause why all of the relief prayed for in the application should not be granted and also issued, without bond, the temporary injunction in question.

The application of the receiver alleges, in substance, that Cleveland negotiated with the Debtor Company, looking toward a possible merger or consolidation of the two corporations; that Cleveland, during the pendency of the negotiations "without consulting either the above Court or your petitioner" conferred with representatives of the Debtor Company and entered into a verbal understanding for the transfer of certain supply and product inventory, machinery, and equipment of Cleveland to the Debtor's plant, Cleveland purportedly retaining title thereto; that Cleveland, thereafter, arranged to purchase its requirements of meat products from the Debtor; that, as a result, Cleveland became indebted to the Debtor; that such indebtedness "was created without the approval or consent of your Receiver or of the above Court"; that a large sum of money is owing by Cleveland to the Debtor Company, covering such items as moving and installing machinery and equipment, storage charges, labor costs, interest on borrowed money, balances owing on purchases made, etc.; and prays that an accounting be had and a judgment be entered thereon; and that the restraining order in question be issued pending final determination.

Cleveland filed an affidavit, stating that Cleveland has not consented to a determination of the controversy in a summary proceeding in bankruptcy, which affidavit was attached to the aforesaid motions denied by the Referee.

The questions presented are essentially (1) whether the bankruptcy court had summary jurisdiction to determine the alleged controversy; and (2), if so, whether the Court could properly issue the temporary injunction in question impounding property of Cleveland prior to the recovery of any judgment; and, (3) if so, whether such injunction could be issued without requiring a receiver to furnish a bond.

Section 2, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a, confers upon courts of bankruptcy "such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act" * * * to * * * (7) "Cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided * * *."

The exception indicated in subparagraph (7) of Section 2, sub. a refers to Section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46 (Williams v. Austrian, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718), which provides as follows:

"23. Jurisdiction of United States and State Courts.

"a. The United States district courts shall have jurisdiction of all

controversies at law and in equity, as distinguished from proceedings under this Act, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant, except as provided in sections 60, 67, and 70 of this Act."

In the case of In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658, at pages 661–662, the Court, in discussing the above provisions of the Bankruptcy Act, stated:

"In a broad sense a claim by a debtor against a third person is property of the debtor. As such the reorganization court may direct its prosecution by the trustee of the debtor if it is appropriate to do so in order to effect the debtor's reorganization. But it is a species of property which may only be realized upon for the benefit of the debtor and its creditors by the successful prosecution of a plenary suit against the third persons involved."

Collier on Bankruptcy, 14th Edition, Section 23.05, page 481, says:

"Nor will the bankruptcy court, through its summary jurisdiction, undertake to enforce a chose of action against the debtor or obligor thereon."

■ Therefore, it seems clear that a bankruptcy court cannot exercise its summary jurisdiction to enforce a chose of action against a debtor, unless such jurisdiction is consented to by the debtor.

In the case of In re Haley, 6 Cir., 158 F. 74, at page 78, the Court said:

"A court of bankruptcy has no jurisdiction of a suit at law or in equity brought by a trustee to recover property or collect debts, or to set aside transfers of property alleged to be fraudulent, except by consent of the defendant."

The Referee, in denying the motions of the defendant, stated: "While the negotiations of the Cleveland Provision Company were carried on in a large measure directly with the President of the Debtor Company, it also had several conferences with the Attorney for the Receiver and the Court, and their negotiations must be deemed therefore to have been properly had with the Debtor-in-possession."

■ A Debtor-in-possession is a Debtor for whom no receiver or trustee has been appointed. Section 342 of the Bankruptcy Act, 11 U.S.C.A. § 742 provides that where "no receiver or trustee is appointed, the debtor shall continue in possession of his property and shall have all the title and exercise all the powers of a trustee appointed under this Act * * *." Careful distinction must be drawn between a Debtor and a Debtor-in-possession. Where a receiver has been appointed, as in the instant case, the Debtor is not a Debtor-in-possession. It is stated in 8 Collier on Bankruptcy, 14th Edition, page 792, as follows: "If there is a receiver or trustee, there is no power to continue the Debtor in possession".

Inasmuch as a receiver had previously been appointed for the Debtor, it seems obvious that the Referee erred in referring to the Debtor as a Debtor-in-possession, and actually meant that Cleveland, by negotiating with the attorney for the receiver and with the Court, must be deemed to have consented to the summary jurisdiction of the bankruptcy court.

■ In order to determine that summary jurisdiction existed, the Referee

should have looked to, and is bound by, the allegations in the application of the receiver.

In the case of In re 671 Prospect Avenue Holding Corp., 2 Cir., 118 F.2d 453, certiorari denied Newfield v. East River Sav. Bank, 314 U.S. 642, 62 S.Ct. 83, 86 L.Ed. 515, involving a question of summary jurisdiction of a Referee in Bankruptcy, the Court said, 118 F.2d at page 453:

"It is conceded that the question of jurisdiction must be determined upon the allegations of the petition, which for present purposes are deemed to be true."

The Court, in 671 Prospect, cited Flanders v. Coleman, 250 U.S. 223, at pages 227, 228, 39 S.Ct. 472, at page 473, 63 L.Ed. 948, wherein the Supreme Court stated:

"Whether the District Court has jurisdiction to grant any relief must be determined upon a consideration of the allegations of the bill and the amendment thereto. * * *

"The opinion of the District Court shows that it really considered the merits of the case in reaching the conclusion that it was without jurisdiction. As this court has not infrequently said, jurisdiction must be determined not upon the conclusion on the merits of the action, but upon consideration of the grounds upon which federal jurisdiction is invoked."

See also Lovell v. Isidore Newman & Son, 227 U.S. 412, 415, 33 S.Ct. 375, 57 L.Ed. 577; Green v. Gage, 5 Cir., 186 F.2d 984; Saper v. Sussman, D.C., 59 F.Supp. 636.

The Referee, in finding that Cleveland "had several conferences with the Attorney for the Receiver and the Court", necessarily looked beyond the averments in the receiver's application.

There are no such averments in the application. The finding by the Referee relative to such conferences must have been from his own personal knowledge, since no testimony was taken, and is manifestly inconsistent with the allegations in the receiver's application, which states specifically that Cleveland carried on its negotiations with the Debtor "without consulting either the above Court or your petitioner."

The Referee, in determining that summary jurisdiction of the subject matter existed in the instant case, cited several cases in support thereof, to the effect that a party who contracts with a trustee, receiver, debtor-in-possession, or other officer of the bankruptcy court is deemed to have contracted with the Court itself and, therefore, to have consented to summary jurisdiction. These cases are not applicable to the instant case, because there is no allegation in the receiver's application of any such contract having been made with the receiver or other officer of the court, and, as previously stated, it is to the receiver's application that the Court must look to determine whether or not the issues in controversy may be decided in a summary proceeding.

For the foregoing reasons, this Court is of the opinion that the allegations in the receiver's application are insufficient to support the decision of the Referee that the matter in controversy could properly be determined in a summary proceeding. This Court holds that the matter in controversy should be decided in a plenary action. In view of the Court's decision on the question of summary jurisdiction, it is unnecessary to decide the other questions presented by the petition for review.

The order of the Referee is reversed, with directions to dismiss the receiver's application and dissolve the temporary injunction.