■ HENRY W. SEIDEN et al., Respondents, v. GEORGE R. CHAGNON et al., Appellants, et al., Defendant.— SWEENEY, J. Appeal from an order of the Supreme Court at Special Term, entered July 31, 1968 in Albany County, which granted plaintiffs' motion for a deficiency judgment to the extent that a hearing was ordered to determine the market value of the premises. The facts are undisputed. Respondents obtained a judgment of foreclosure and sale on April 12, 1966. The sale was held on May 31, 1966; the sale was consummated by delivery of a deed to the purchaser on June 23, 1966; the Referee's report of sale was filed July 12, 1966; a motion to confirm the report of sale was made by notice of motion dated July 25, 1966, returnable and signed on August 12, 1966; thereafter, and on September 16, 1966, a motion to enter a deficiency judgment pursuant to subdivision 2 of section 1371 of the Real

952

Property Actions and Proceedings Law was granted to the extent that a hearing was ordered to determine the amount of the deficiency. The sole question presented on this appeal is whether the motion for deficiency judgment, made subsequent to the motion for the confirmation of sale, was timely. To answer this question we must examine the appropriate statutes, the pertinent parts of which are as follows: "an application for confirmation of the report of sale may be made at any time after the report shall have been filed eight days." (Real Property Actions and Proceedings Law, § 1355, subd. 2.) "Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice of the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action." (Real Property Actions and Proceedings Law, § 1371, subd. 2.) "If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist." (Real Property Actions and Proceedings Law, § 1371, subd. 3.) Appellants contend that the motion for a deficiency judgment must be made at the same time the motion is made for confirmation of sale. The respondents, on the other hand, contend that while the motions may be made simultaneously, it is not imperative, and the motion for a deficiency judgment may be made subsequent thereto, provided it is made within 90 days after the consummation of the sale. It is clear from a reading of section 1371 of the Real Property Actions and Proceedings Law that a motion for a deficiency judgment must be made within a period of 90 days from the consummation of the sale by delivery of a deed to the purchaser. This, in our opinion, is the paramount feature of this statute. It is equally clear from a reading of subdivision 2 of section 1355 of said law that if there are no surplus monies, a motion for the confirmation of sale may be made after the report of sale shall have been filed eight days. Subdivision 2 of section 1371, however, provides that these motions may be made simultaneously. It further provides by subdivision 3, that if the motion is not made "as herein prescribed" the sale proceeds shall be deemed in full satisfaction of the mortgage debt. This procedure of bringing the motion simultaneously with that of the motion to confirm is, in our opinion, permissive, and not mandatory. We construe the word "may" as used in this statute to be permissive. To conclude otherwise would render meaningless the 90-day period of limitation. Order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.