■ STATEWIDE SAVINGS AND LOAN ASSOCIATION, Respondent, v CANOE HILL, INC., Appellant, et al., Defendant.—Appeal from orders of the Supreme Court at Special Term, entered March 16, 1976 in Ulster County, which granted a motion to confirm a report of sale and vacated two stays of proceedings to hold sales of chattels. The primary issue on this appeal is whether a mortgage given to plaintiff extended to items of personal property. The mortgage was executed on November 30, 1973 and described realty owned by appellant in Ulster County, upon which it operated a golf

course and restaurant, together with "all fixtures and articles of personal property, now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage". As additional collateral for the loan secured by the foregoing mortgage, appellant also executed an agreement on the same date giving plaintiff a security interest in the furniture and equipment of the restaurant as well as equipment used for upkeep of the golf course. Although plaintiff's complaint in the foreclosure action requested that it be declared the owner of "any personal property used in connection with" the mortgaged premises, its pleadings did not list or describe what items were claimed to be subject to the mortgage. The subsequent amended judgment of foreclosure, the notices of sale, the deed of the Referee to the plaintiff, dated November 13, 1975, and the report of the Referee were likewise silent in referring to any personal property. Plaintiff caused two notices of sale of the personal property to be issued in January and February of 1976 purporting to enforce its rights under the security agreement, but appellant obtained orders to show cause staying such action which came on to be heard on the return date of plaintiff's motion to confirm the report of sale. Special Term vacated the stays and, as part of its order confirming the report, decreed that the personal property was covered by the lien of the mortgage and included in the foreclosure sale. Plaintiff advises us it has since disposed of all interest in the subject of this litigation. Accordingly, appellant's appeal from the orders vacating the stays should be dismissed as moot. Since plaintiff has failed to move for a deficiency judgment, it must be conclusively presumed that the proceeds of the foreclosure sale were in full satisfaction of the mortgage debt, thereby depriving it of further recourse to any other security which appellant may have contemporaneously given on the same obligation (Real Property Actions and Proceedings Law, § 1371, subd 3). As a consequence, plaintiff's entitlement to any of the disputed personal property must depend on the language of the mortgage and may not, for the purposes of this appeal, be founded on anything contained in the security agreement (cf. *Seiden v Chagnon,* 33 AD2d 951). Turning then to the primary issue, we note that the question is far from settled (see 38 NY Jur, Mortgages and Deeds of Trust, § 45). Since appellant did not appear and defend the foreclosure action, it could be argued that if, in fact, certain items of personal property fell beyond the lien of the mortgage, any such defense was waived (cf. *General Synod of Reformed Church in Amer. v Bonac Realty Corp.,* 297 NY 119; *Zurlin v Hotel Levitt,* 5 AD2d 945). On the other hand, it can also be argued that plaintiff's failure to specify any particular item of personalty in the pleadings or judgment of foreclosure, as supposedly covered by the quoted clause, should bar its ability to claim they were ever part of the action in the first place (cf. *East Riv. Sav. Bank v 671 Prospect Ave. Holding Corp.,* 280 NY 342). Since a foreclosure action is equitable in nature *(Jamaica Sav. Bank v M. S. Investing Co.,* 274 NY 215), we deem it preferable in cases such as this that the mortgagee plainly allege the items of personal property claimed to be subject to the lien of the mortgage so that the rights of others, in addition to the mortgagor, may be properly considered in the proceeding. Here, for example, we do not know which items of personal property existed at the time the mortgage was executed, which were thereafter acquired, or whether any were or became fixtures. Furthermore, plaintiff's apparent insistence on a separate security agreement as additional collateral would seem to negate an intention to include such items within the lien of the mortgage and all of its later actions could be said to bespeak an intention to foreclose only on the real property (see *East*

*Riv. Sav. Bank v 671 Prospect Ave. Holding Corp., supra).* On balance then, we believe it was error for Special Term, in the absence of any proof concerning the intention of the parties and a listing of the contested items, to effectively adjudge plaintiff to be their owner in light of the known circumstances. However, this conclusion does not mean that the order confirming the sale must be reversed and the sale set aside. Although appellant correctly observes that the report of sale does not explain an amount described as a "late charge" in computing the deficiency, this irregularity may safely be ignored for, as noted, no deficiency judgment was sought. So too, the failure of the Referee to submit appropriate receipts and vouchers is but a mere irregularity, not affecting the validity of the sale, which may quickly be cured. We have examined the remaining contentions of the parties and perceive no reason to disturb the order confirming the sale insofar as it approves the transfer of the real property covered by the mortgage. Appeal from orders vacating certain stays dismissed, as moot, without costs. Order confirming the report of sale modified, on the law and the facts, by striking the second decretal paragraph thereof, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Kane and Mahoney, JJ., concur; Larkin, J., not taking part.