OPINION OF THE COURT
Victor J. Orgera, J.
This motion which seeks an order vacating the referee’s report and the judgment of foreclosure and sale and staying the defendant Harry Kalstein from foreclosing a security interest affecting the personal property located on the subject premises is denied.
The essential facts are not in dispute. On October 22, 1974, the defendant Mikarp Realty Corp. executed and delivered a building loan mortgage to the plaintiff. This mortgage was consilidated with a prior mortgage on the same premises resulting in a consolidated mortgage securing the sum of $648,000. At the same time, as additional security, the defendant Mikarp executed a chattel mortgage Governing unspecified personal property on the premises. Defendant Harry *197 Kalstein, who held both a real property mortgage on the subject premises and a chattel mortgage on the personal property thereon, subordinated both of his liens to those of the plaintiff. The plaintiff foreclosed its real property mortgage and at the sale bid the amount of the principal due, together with the interest, expenses and costs. Plaintiff has offered no evidence that the value of the real property is less than the amount bid.
Neither the complaint, the judgment, the notice of sale nor the referee’s report of computation specifies any personal property as being the subject of the foreclosure action, nor does plaintiff establish that a recomputation would result in a different amount, except for interest and the cost of readvertisement.
In Statewide Sav. & Loan Assn. v Canoe Hill (54 AD2d 1018) the court reasoned that the execution of a chattel mortgage negates an intent to include the personal property items within the lien of the real property mortgage and concluded that the plaintiff’s failure to specify any particular personalty in the pleadings or judgment of foreclosure signifies an intention to foreclose only on the real property. It also pointed out that if one intends to foreclose on personal property, the personal property must be specified so that the rights of others may be considered (see, also, East Riv. Sav. Bank v 671 Prospect Ave. Holding Corp., 280 NY 342).
Where a mortgagee bids at the foreclosure sale the full amount of the mortgage indebtedness, the mortgage indebtedness is extinguished (Whitestone Sav. & Loan Assn. v Allstate Ins. Co., 28 NY2d 332). And in Alaimo v First Fed. Sav. & Loan Assn. of Rochester (42 NY2d 1030, 1031) the court stated: "the underlying debt having been extinguished by the acquisition of the premises by defendant at the foreclosure sale as a result of its successful bid for an amount equal to the entire balance due * * * the plaintiff’s obligation as surety was released.”
The plaintiff, bidding in the full amount owing, satisfied the debt and its lien on the personal property was extinguished. While it is obvious that the plaintiff seeks to include the personal property in the judgment of foreclosure, it has not established any legal or equitable grounds to modify the judgment or set aside the sale.